**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| In re: <br><br> HEALTH DIAGNOSTIC LABORATORY INC. *et. al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-32919 (KRH) <br><br> (Jointly Administered) |
| RICHARD ARROWSMITH, LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> G. RUSSELL WARNICK, LATONYA S. MALLORY, JOSEPH P. MCCONNELL, SATYANARAIN RANGARAJAN, ROBERT BRADFORD JOHNSON, FLOYD CALHOUN DENT, III *et al*. <br><br> Defendants. | Adv. Proc. No**.** 16-03271 (KRH) |

**MOTION TO FILE INFORMATION UNDER SEAL**

---

[1]The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

Douglas P. Lobel (VSB No. 42329)
**COOLEY LLP**
11951 Freedom Drive
Reston, VA  20190-5656
Telephone: (703) 456-8000
Direct: (703) 456-8019
Email: dlobel@cooley.com

Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Plaintiff Richard Arrowsmith,
Liquidating Trustee of the HDL Liquidating Trust*

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 1040
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,
Liquidating Trustee of the HDL Liquidating Trust*

Plaintiff Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Liquidating Trustee**"), appointed pursuant to the confirmed Modified Second Amended Plan of Liquidation (the "**Plan**")[2] of the Debtors (the "**Debtors**," or "**HDL**") in these jointly administered bankruptcy cases (the "**Chapter 11 Cases**" or the "**Cases**"), by his undersigned counsel, hereby moves this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**") authorizing him to file under seal certain information contained in his Omnibut Complaint filed herein on September 16, 2016 [Docket Item No. 1] (the "**Omnibus Complaint**"). In support of this Motion, the Liquidating Trustee respectfully states as follows:

## JURISDICTION

1. This Court, before which the above-captioned chapter 11 cases are pending, has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a) and 1334, and supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

2. This Court also has jurisdiction over this adversary proceeding pursuant to Section 11.1 of the Plan and Paragraph 65 of this Court's May 12, 2016 order confirming the Plan (the "**Confirmation Order**") [Docket No. 1095].

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) seeking, *inter alia*, recovery of property of the Debtors' estates.

4. The statutory bases for the relief requested herein are 11 U.S.C. § 107(b)(1) (2012), Fed. R. Bankr. P. 9018, and Fed. R. Evid. 502(d).

---

[2] Capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Plan.

## RELIEF REQUESTED

5. By this Motion, the Liquidating Trustee respectfully requests entry of an order pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and Fed. R. Evid. 502(d) granting him leave to file paragraphs numbered 3-36; 177-205; and 220-236 of the Omnibus Complaint (the "***Redacted Paragraphs***") under seal and providing that the attorney-client privilege and any similar protections (to the extent applicable) are not waived by filing the Redacted Paragraphs under seal with the Court.

## BASIS FOR RELIEF

5. Bankruptcy Code. § 107(b) authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, 11 U.S.C. § 107(b)(1) provides that, "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . ."

6. Furthermore, Fed. R. Bankr. P. 9018 provides that:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

7. In granting relief under 11 U.S.C. § 107(b), "[t]he court determines whether the subject documents fall within the provisions of 11 U.S.C. § 107(b) and the appropriate remedy if they do." *In re Barnkey's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of 11 U.S.C. § 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994)

(emphasis in original); *see also In re EPIC Assocs. V*, 54 B.R. 445, 449 (Bankr. E.D. Va. 1985) (The Code does not define "commercial information." Few opinions construing section 107 have been published.); *see also In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 U.S. Dist. LEXIS 1589, at *4 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Additionally, attorney-client privileged and attorney work product materials constitute the type of confidential research and commercial information that must be protected pursuant to 11 U.S.C. § 107(b) of the Bankruptcy Code. *See In re 50-Off Stores*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997).

8. Further, Fed. R. Evid. 502(d) expressly provides that a federal court may "order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding."

9. The Redacted Paragraphs set forth certain information that could be relevant to claims, counterclaims, and/or defenses in actions that are currently pending or may be filed in the future. The Redacted Paragraphs also may contain certain privileged information that is necessary for the Court to evaluate the arguments made in the Omnibus Complaint.

10. Disclosure of this confidential commercial and privileged information to the public may result in, among other things, third parties obtaining knowledge of these claims, counterclaims, and/or defenses; and the dissemination of privileged and other confidential information.

12. Placing the Redacted Paragraphs under seal with the protections afforded by Fed. R. Evid. 502(d) is the only way to protect the confidentiality of this information as this Court considers the merits of the Omnibus Complaint.

13. The Liquidating Trustee will deliver copies of the unredacted Omnibus Complaint to chambers for review by the Court, subject to all protections of confidence that are necessary and appropriate under the circumstances.

## WAIVER OF MEMORANDUM OF LAW

14. Pursuant to Local Bankruptcy Rule 9013-1(G), because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Liquidating Trustee requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

15. No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of this page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, the Liquidating Trustee respectfully requests that the Court immediately enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

      /s/ *Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street Ste. 1040
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

Douglas P. Lobel (VSB No. 42329)
**COOLEY LLP**
11951 Freedom Drive
Reston, VA  20190-5656
Telephone: (703) 456-8000
Direct; (703) 456-8019
Email: dlobel@cooley.com

Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Plaintiff Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*