**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: | |
| HEALTH DIAGNOSTIC LABORATORY INC. *et. al.* | Chapter 11 |
| Debtors.[1] | Case No. 15-32919 (KRH) |
| | (Jointly Administered) |
| RICHARD ARROWSMITH, LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST, | |
| Plaintiff, | |
| vs. | |
| FLOYD CALHOUN DENT III, ROBERT BRADFORD JOHNSON, HISWAY OF SOUTH CAROLINA, INC., ROYAL BLUE MEDICAL INC., COBALT HEALTHCARE CONSULTANTS INC., AROC ENTERPRISES LLC, RIVERLAND PINES, LLC, CROSSPOINT PROPERTIES LLC, HELMSTATION INVESTMENTS LLLP, LAKELIN PINES LLC, TRINI "D" ISLAND LLC, CAE PROPERTIES LLC, BLUE EAGLE FARM, LLC, BLUE EAGLE FARMING LLC, FORSE MEDICAL INC., FORSE INVESTMENTS, LLC, EAGLE RAY INVESTMENTS LLC, WAR-HORSE PROPERTIES, LLLP, H J FARMING, LLC, BLUE SMASH INVESTMENTS, LLC, UNITED STATES OF AMERICA, | Adv. Proc. No. 18-03022 (KRH) |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF BLUEWAVE DEFENDANTS' MOTION
TO DISMISS ADVERSARY PROCEEDING AND FOR SANCTIONS OR,
IN THE ALTERNATIVE, TO STAY ADVERSARY PROCEEDING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, *Inc.* (0119), Central Medical Laboratory, *LLC* (2728), and Integrated Health Leaders, *LLC* (2434).

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................................... 2

    A.   Factual Allegations ...................................................................................... 2

    B.   Procedural History ....................................................................................... 3

         1.   The *Qui Tam* Action ....................................................................... 3

         2.   The Proceedings In This Court ......................................................... 4

             a.   The Omnibus Adversary Action................................................. 4

             b.   The Tax Adversary Action ........................................................ 5

             c.   This Action ................................................................................ 6

ARGUMENT ........................................................................................................................... 6

I.    THE COURT SHOULD DISMISS THIS CASE AND IMPOSE SANCTIONS FOR ITS
FILING. .......................................................................................................................... 7

    A.   The Court Should Dismiss This Proceeding As Duplicative Of The Omnibus
Adversary Action And Impose Sanctions As A Result. .............................. 7

         1.   This case duplicates the Omnibus Adversary Action and should therefore be
dismissed.......................................................................................... 8

         2.   The Court should sanction the Trustee for engaging in vexatious, multiplicative
proceedings. ................................................................................... 11

    B.   The Court Should Dismiss This Proceeding Because The Complaint Establishes On
Its Face That It Is Time-Barred................................................................... 14

II.   IF THE COURT DOES NOT DISMISS THIS PROCEEDING, THE COURT SHOULD
STAY THIS PROCEEDING PENDING RESOLUTION OF THE OMNIBUS
PROCEEDING. ............................................................................................................. 16

CONCLUSION ...................................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Board of Supervisors of Fairfax County. v. Thompson Associates*,
    240 Va. 133 (1990) ................................................................................................ 14

*Brubaker v. City of Richmond*,
    943 F.2d 1363 (4th Cir. 1991) ............................................................................... 12

*Caseres v. S & R Management Company, LLC*,
    No. CIV. AW 12-1358, 2013 WL 5781582 (D. Md. Oct. 24, 2013)...................... 12

*Chihota v. Fulton, Friedman & Gullace, LLP*,
    No. CIV. WDQ-12-0975, 2012 WL 6086860 (D. Md. Dec. 5, 2012).................... 11

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976)............................................................................................... 11

*Demetriades v. Bryant*,
    389 F. App'x 249 (4th Cir. 2010) .......................................................................... 15

*Evans v. Groom*,
    No. 7:17-CV-4-BO, 2017 WL 2779645 (E.D.N.C. June 26, 2017) ...................... 10

*Fleekop v. Mann Music Center*,
    No. CIV. A. 89-6846, 1990 WL 204253 (E.D. Pa. Dec. 12, 1990)....................... 12

*Hare v. Opryland Hospitality, LLC*, Civ. A. No. DKC 11-1439,
    2011 WL 6153128 (D. Md. Dec. 9, 2011)........................................................... 9, 11

*In re General Creations, Inc.*,
    343 B.R. 548 (Bankr. W.D. Va. 2006) .................................................................. 16

*In re Innovative Logistics Techniques, Inc*,
    No. 14-10053-BFK, 2016 WL 3212186 (Bankr. E.D. Va. May 31, 2016) ............ 16

*In re Webb*,
    No. 3:15-BK-30498, 2017 WL 730429 (Bankr. S.D.W. Va. Feb. 23, 2017) ......... 17

*Lacy v. National Railroad Passenger Corp.*,
    Civ. A. No. RDB-14-179, 2014 WL 6967957 (D. Md. Dec. 8, 2014) .......... 8, 10, 11

*Lee v. Norfolk Southern Ry. Co.*,
    802 F.3d 626 (4th Cir. 2015) .................................................................................. 8

*Maryland v. Universal Elections, Inc.*,
    729 F.3d 370 (4th Cir. 2013) ................................................................................. 17

*Richards v. 6830 Elm St. Corp.*, No. 143165,
    1998 WL 972333 (Va. Cir. Aug. 28, 1998).................................................... 14, 15

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980)............................................................................................... 12

*Royal Insurance v. Lynnhaven Marine Boatel, Inc.*,
   216 F. Supp. 2d 562 (E.D. Va. 2002) ........................................................................ 12

*Sensormatic Security Corp. v. Sensormatic Electronics Corp.*,
   329 F. Supp. 2d 574 (D. Md. 2004) ................................................................ 8, 9, 10

*Sensormatic Security Corp. v. Sensormatic Electronics Corp.*,
   273 Fed. App'x 256 (4th Cir. 2008) ........................................................................ 8

*Sentry Select Insurance Company v. Guess Farm Equip., Inc.*,
   No. CIV.A. 5:12-03504-JM, 2013 WL 5797742 (D.S.C. Oct. 25, 2013) ............... 17

*Smith v. Commc'ns Works of Am. (CWA)-Dist 2*, No. 8:12-cv-00027-AW,
   2012 WL 6021506 (D. Md. Dec. 3, 2012) .............................................................. 8

*Stradtman v. Republic Services, Inc.*,
   121 F. Supp. 3d 578 (E.D. Va. 2015) ..................................................................... 12

*United States v. Georgia Pacific Corporation*
   562 F.2d 294 (4th Cir.1977) .................................................................................. 17

*Wellin v. Wellin*,
   No. 2:13-CV-1831-DCN, 2014 WL 2434636 (D.S.C. May 28, 2014) ............... 9, 11

**Statutory Authorities**

11 U.S.C. § 546(a) .......................................................................................................... 16

11 U.S.C. § 1123 .............................................................................................................. 4

28 U.S.C. § 1927 ........................................................................................................ 11, 12

42 U.S.C. § 1320(a) ......................................................................................................... 2

**Rules and Regulations**

Fed. R. Civ. P. 50 ............................................................................................................. 4

Fed. R. Civ. P. 54(b) ........................................................................................................ 4

Fed. R. Civ. P. 59 ............................................................................................................. 4

This case represents the third time that the Liquidating Trustee[2] has sued some or all of the Bluewave Defendants to recover monies that the Bluewave Defendants[3] received from Health Diagnostic Laboratories, *Inc.* ("HDL"). The Trustee did not bring this latest proceeding because he learned of new claims that he might have against the Bluewave Defendants. He did not bring it because he wants to challenge different transactions. He did not even bring it to assert different causes of action. Instead, the Trustee filed this case in order to gain some leverage with the United States, which has obtained a jury verdict against two of the Bluewave Defendants after a trial in the District of South Carolina. In effect, the Trustee is worried that the Government is ahead of him, and he wants to change that dynamic.

The Bluewave Defendants, however, now have to defend a new case filed against them that is the same as the case that they are already defending. There is no good reason that they find themselves in that position. While the Trustee's desire to strengthen his position vis-à-vis the Government is understandable, the Bluewave Defendants are not pawns to be subjected to the Trustee's games merely because he finds himself backed into a corner. The Bluewave Defendants have invested substantial time and money defending themselves in the adversary proceedings that the Trustee has already initiated. They should not have to do so again.

From a legal standpoint, the Trustee's claims violate the Fourth Circuit's well-settled rules against claim splitting. Indeed, the rules are so clear, and the violation of them so stark, that the Court should sanction the Trustee's counsel for engaging in vexatious and duplicative

---

[2]    The Liquidating Trustee, or "Trustee", is Richard Arrowsmith, the Liquidating Trustee of the HDL Liquidating Trust.

[3]    The Bluewave Defendants are BlueWave HealthCare Consultants, *Inc.* ("Bluewave"), Floyd Calhoun Dent III, Robert Bradford Johnson, Hisway of South Carolina, *Inc.*, Royal Blue Medical *Inc.*, Cobalt Healthcare Consultants *Inc.*, AROC Enterprises *LLC*, Riverland Pines, *LLC*, Crosspoint Properties *LLC*, Helmstation Investments LLLP, Lakelin Pines *LLC*, Trini "D" Island *LLC,* Cae Properties *LLC*, Blue Eagle Farm, *LLC*, Blue Eagle Farming *LLC*, Forse Medical *Inc.*, Forse Investments, *LLC*, Eagle Ray Investments *LLC*, War-Horse Properties, LLLP, H J Farming, *LLC*, and Blue Smash Investments, *LLC*.

litigation.  In addition, the Trustee has known for years about his claims, which are subject to a two-year statute of limitations under Virginia law and the Bankruptcy Code.  His claims are therefore time-barred.  The Court should dismiss the complaint for both reasons.  If it does not, it should stay this case to avoid a waste of both the parties' and judicial resources.

## BACKGROUND

### A.    Factual Allegations

Because the Court is familiar with the facts of these cases, we provide only an overview of the allegations in the Complaint.  In 2008 and 2009, LaTonya Mallory, George Warnick, and Joseph McConnell formed HDL as a lab testing company.  (Compl. ¶ 40.[4])  In 2010, HDL hired Bluewave to provide sales services on a commission basis.  (Id. at ¶ 47(b).)  The Trustee alleges that HDL and Bluewave engaged in three practices that violated the Antikickback Statute, 42 U.S.C. § 1320(a)-7 (the "AKS"):  (a) HDL paid processing and handling fees ("P&H fees") to health care providers;  (b) HDL's agreement with Bluewave (the "Bluewave Agreement") violated the AKS because it provided for percentage-based compensation; and (c) HDL did not collect co-payments, co-insurance payments, or deductibles from patients in violation of the AKS, among other statutes.  (Id. at ¶ 47.)

Bluewave's principals are Brad Johnson and Cal Dent.  Bluewave hired a network of independent contractors as a sales force, and it provided outside sales services to HDL pursuant to the Bluewave Agreement.  (*Id*. at ¶ 51.)  Dent and Johnson both provided independent sales contracting services to Bluewave, as did a number of other individuals and companies.  (*Id*. at ¶¶ 55-56.)  According to the Trustee, Bluewave, Dent, and Johnson were "instrumental" in persuading health care providers to order HDL's tests.  (*Id*. at ¶ 59.)

---

[4]    Citations to "Compl." refer to the complaint filed on March 9, 2018 (the "Complaint") in this Adversary Proceeding, 18-03022-KRH (the "Action").  For purpose of this Motion only, the Bluewave Defendants accept the factual allegations in the Complaint as true.

On January 7, 2013, HDL received a subpoena from the U.S. Department of Justice ("DoJ") regarding HDL's business practices. (Omnibus FAC ¶ 392.[5]) The subpoena resulted from three civil actions filed under seal pursuant to the False Claims Act (the "FCA"). (*Id.* at ¶ 393.) On June 25, 2014, the Office of Inspector General of the United States Department of Health and Human Services issued a Special Fraud Alert regarding Laboratory Payments to Referring Physicians. On June 30, 2014, HDL informed health care providers that it would no longer pay P&H Fees. (*Id.* at ¶ 28.) As a result, HDL's transaction volume decreased substantially. (*Id.* at ¶¶ 29-33.) On April 9, 2015, HDL and the United States agreed to settle the claims under the FCA for slightly more than $94 million. (*Id.* at ¶¶ 394-396.)

## B.    Procedural History

### 1.    The *Qui Tam* Action

On June 30, 2011, a relator filed an action under seal against several parties, including HDL and Bluewave, in the United States District Court for the District of South Carolina. Several other relators also filed actions. Ultimately, after investigating, the United States filed a complaint-in-intervention in the South Carolina action. (*See United States v. BlueWave Healthcare Consultants, Inc. et al.*, Case No. 14-cv-00230-RMG (the "*Qui Tam* Action"), Dkt. No. 75.) The *Qui Tam* Action was tried by a jury beginning on January 16, 2018. On January 31, 2018, the jury in that case concluded that out of the 289,818 claims HDL had submitted for reimbursement, 35,074, or about 12%, violated the FCA. It awarded damages of $16,601,591 against Dent, Johnson, and Mallory, representing the amount the United States paid HDL for these claims. (*Qui Tam* Action Dkt. No. 870.) Immediately following the jury's verdict, Judge Gergel trebled those damages to $49,804,773.

---

[5] Citations to "Omnibus FAC" refer to the First Amended Complaint in the Omnibus Adversary Proceeding, *Arrowsmith v. Mallory et al.*, Adv. Pro. 16-03271-KRH, filed on August 17, 2017.

On February 28, 2018, the Government filed a post-trial motion seeking entry of judgment pursuant to Fed. R. Civ. P. 54(b), including fines for the false claims, which would bring the total judgment against Dent, Johnson, and Mallory to $111,872,273. (*Qui Tam* Action Dkt. No. 877.). Dent, Johnson, and Mallory filed motions for judgment as a matter of law, or in the alternative, for a new trial pursuant to Fed. R. Civ. P. 50 and 59. (*Qui Tam* Dkt. Nos. 877, 880). All three Defendants also filed oppositions to the Government's motion to enter judgment (*Qui Tam* Dkt. Nos. 886, 888). The post-trial briefs are now fully briefed, and the South Carolina Court has the matters under submission.

### 2.    The Proceedings In This Court

On June 7, 2015 (the "Petition Date"), HDL and two of its subsidiaries (collectively the "Debtors") commenced bankruptcy cases by filing separate voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"). On May 12, 2016, this Court entered an order confirming the Debtors' plan of liquidation (the "Plan"). (Bankr. Dkt. No. 1095[6] (the "Confirmation Order").) Pursuant to the Plan and 11 U.S.C. § 1123, the Liquidating Trustee is the successor, for all purposes, of the Debtors and the Creditors' Committee, and is thereby vested with standing to bring claims as a representative of the HDL Liquidating Trust. As discussed below, the Liquidating Trustee has used that authority to initiate hundreds of adversary proceedings, including three against the Bluewave Defendants.

### a.    The Omnibus Adversary Action

On September 17, 2016, the Liquidating Trustee commenced a complaint against more than one-hundred defendants, including the Bluewave Defendants. (*Arrowsmith v. Mallory*, Adv.

---

[6] "Bankr. Dkt. No." refers to documents filed in the main case, Case No. 15-32919-KRH.

Proc. 16-03271 (the "Omnibus Adversary Action").)   In the Omnibus Adversary Action, the Trustee alleges that HDL was insolvent because it relied on three "illicit practices:"  (a) payment of P&H Fees; (b) entry into the Bluewave Agreement, which provided for commission-based compensation; and (c) routine waiver of co-payments, co-insurance requirements, and deductibles. (Omnibus FAC ¶¶ 7-10.)  According to the Trustee, these practices should have caused HDL to record liabilities on its books which, in turn, would have demonstrated HDL's insolvency.  (*Id. at* ¶ 16.)

In his First Amended Complaint in the Omnibus Adversary Action, the Liquidating Trustee alleges seventy-six causes of action against more than 100 defendants.  All of his claims in that case stem from his theory that HDL was insolvent based on the practices described above. Among other things, the Trustee seeks to avoid payments that were made to the Bluewave Defendants, either directly or as subsequent transferees.  He also seeks to avoid tax distributions that HDL made to its shareholders, including Dent and Johnson.

### b.    The Tax Adversary Action

On June 7, 2017, the Liquidating Trustee filed a second adversary proceeding against numerous parties, including the United States, various states, and HDL's directors, officers, and shareholders who received tax distributions from HDL, including Dent and Johnson. (*Arrowsmith v. United States et al.*, Adv. Proc. No. 17-04300-KRH (the "Tax Adversary Action").)  The Trustee filed the Tax Adversary Action to "(i) avoid, as fraudulent transfers, the revocation of the Debtors' status as an S corporation and direct and indirect tax payments made by HDL to federal and taxing authorities; (ii) to compel the filing of certain amended tax returns by HDL's former shareholders and order them to turn over any refunds that they receive from applicable taxing authorities as property of the estate or under the Court's equitable powers; (iii) for breach of fiduciary duty, negligence, and corporate waste against HDL's former directors and

5

officers for making decisions that increased tax liability resulting from the operation of HDL's business and impaired the Liquidating Trustee's ability to now seek recovery of tax refunds; and (iv) for money damages against the shareholders for aiding and abetting the directors' and officers' breaches of their fiduciary duties and conspiring with them to revoke the Debtors' status as an S corporation." (Tax Compl. ¶ 1.[7])

The Court dismissed the claims in the Tax Adversary Action against the United States and the various state entities, leaving only claims against parties who are also defendants in the Omnibus Adversary Action.  As is the case in the Omnibus Adversary Action, the Tax Adversary Action is predicated upon the Trustee's allegation that HDL was insolvent because it was incurring "unrecognized liabilities to the federal and state governments." (*Id.* at ¶ 56.) Indeed, the complaint in the Tax Adversary Action incorporates by reference the factual allegations from the amended complaint in the Omnibus Adversary Action. (*Id.* at ¶ 40.)

### c.    This Action

The Trustee filed this Action against the Bluewave Defendants and the United States on March 9, 2018.  The Complaint does not make any new substantive allegations against the Bluewave Defendants.  Rather, it repeats the same allegations that the Trustee makes in the Omnibus Adversary Action.  Indeed, the Trustee concedes that the factual allegations on which his case relies are "set forth more fully in the *First Amended Complaint*" in the Omnibus Adversary Action. (Compl. ¶ 3.)  The only difference is that the Trustee has added the United States as a defendant and now seeks additional relief in the form of a constructive trust.

---

[7]      Citations to "Tax Compl." refer to the Amended Complaint in the Tax Adversary Action, filed on January 15, 2018.

6

## ARGUMENT

The Trustee's claims in this case duplicate the claims that he asserts in the Omnibus Adversary Action.  He has no new theories of liability; instead, he merely seeks a different form of relief in order to change the fact that the Government's claims against the Bluewave Defendants are more advanced than his own.  However, the law does not permit the Trustee to bring new litigation on that basis, as any reasonable lawyer should know.  Moreover, the Trustee's claims are time-barred.  The Court should therefore dismiss them.  Even if the Court does not dismiss the claims, it should act to ensure a judicially-efficient resolution to these matters by staying this case pending resolution of the Omnibus Adversary Action.

## I.     THE COURT SHOULD DISMISS THIS CASE AND IMPOSE SANCTIONS FOR ITS FILING.

The Court should dismiss this case because it constitutes improper claim splitting.  The Court should also sanction the Trustee and his counsel for multiplying the proceedings before this Court unnecessarily.  The Court also can and should dismiss the case because the face of the Complaint establishes that the statute of limitations bars it.

### A.     The Court Should Dismiss This Proceeding As Duplicative Of The Omnibus Adversary Action And Impose Sanctions As A Result.

The Trustee never should have filed this case.  He has asserted all of the claims that he has against the Bluewave Defendants in other proceedings, and there are no new factual predicates that give rise to these claims.  The Could should therefore dismiss this case as improper claim splitting.  In addition, the Court should sanction the Trustee and his counsel for multiplying these proceedings needlessly.

1.     **This case duplicates the Omnibus Adversary Action and should therefore be dismissed.**

The Trustee's claims in this case are the same as his claims in the Omnibus Adversary Action. The facts are the same. The legal theories are the same. The evidence and witnesses will be the same. The only difference is the relief that the Trustee seeks. In the Omnibus Adversary Action, he seeks damages. In this case, he seeks a constructive trust so that he can advance his position with respect to the Government. However, merely adding a request for equitable relief does not allow for a second lawsuit on the same subject and same facts. Fourth Circuit law requires the Court to dismiss this action.

Duplicative litigation, or claim splitting, "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Lee v. Norfolk Southern Ry. Co.*, 802 F.3d 626, 635-636 (4th Cir. 2015); *see also Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 273 Fed. App'x 256, 265 (4th Cir. 2008) ("rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'"). Like *res judicata*, the doctrine bars a second suit "if the claim involves the same parties or their privies and arises out of the same transaction or series of transactions as the first claim." *Lacy v. Nat'l R.R. Passenger Corp.*, Civ. A. No. RDB-14-179, 2014 WL 6967957, at *5 (D. Md. Dec. 8, 2014), *aff'd*, 600 F. App'x 127 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 329 F. Supp.2d 574, 579 (D. Md. 2004)).

To determine whether a second suit is duplicative, courts "assess whether the second suit raises issues that should have been brought in the first." *Smith v. Commc'ns Works of Am. (CWA)-Dist 2*, No. 8:12-cv-00027-AW, 2012 WL 6021506, at *6 (D. Md. Dec. 3, 2012) (citations omitted); *see also Lacy*, 2014 WL 6967957, at *6 (same) (citations omitted).

8

Generally, "the second suit duplicates the first where (1) the second suit arises out of the same operative facts, and (2) the interests of judicial economy and avoiding vexatious litigation outweigh the plaintiff's interest in bringing the second suit." *Smith,* 2012 WL 6021506, at *6; *Lacy*, 2014 WL 6967957, at *6. Where a plaintiff "bases his claims on the same core allegations" in both suits, the "cases arise out of the same operative facts." *Smith*, 2012 WL 6021506, at *7; *see also Sensormatic Sec. Corp.*, 329 F. Supp. 2d at 579 ("plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, transaction or event at the same time."); *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2014 WL 2434636, at *10 (D.S.C. May 28, 2014) (citations omitted) ("both causes of action must 'arise out of the same transaction or series of transactions or the same core of operative facts.'"). "The claims asserted in the lawsuits in question need not be identical for the rule against claim splitting to apply." *Wellin*, 2014 WL 2434636, at *10.

Here, both factors demonstrate that the Trustee has engaged in improper claim splitting. *First*, the claims in both this case and the Omnibus Adversary Action arise out of the same set of operative facts. Indeed, the Trustee acknowledges as much in his Complaint in this action when he asserts that the facts on which his claims are based are "set forth more fully" in the First Amended Complaint in the Omnibus Adversary Action. (Compl. ¶ 3.) Moreover, a simple comparison of the complaints in the two cases demonstrates that they arise from the same set of operative facts. Both cases rest on the Trustee's assertion that HDL's practices were improper and that they rendered HDL insolvent. Where the "parties, the forum, and underlying conduct giving rise to the claims" are not just similar but the same, courts conclude that the doctrine of claim splitting applies to bar the claim. *See, e.g., Hare v. Opryland Hospitality, LLC*, Civ. A. No. DKC 11-1439, 2011 WL 6153128, at *3 (D. Md. Dec. 9, 2011).

The Trustee cannot point to the additional allegations in the Complaint in this case about the *Qui Tam* Action or to the presence of the United States as a Defendant to suggest that the claims in this case are different from the ones in the Omnibus Adversary Action.  The allegations about the *Qui Tam* Action do not give rise to liability in this case.  They merely explain the equitable circumstances on which the Trustee will, at some point, base a request for imposition of a constructive trust.  Thus, the only allegations that could give rise to liability in this case are the same allegations that are at issue in the Omnibus Adversary Action.  Moreover, the Trustee's decision to include the United States as a party to this case does not change the claim splitting analysis.  Although the Trustee has named the United States as a defendant in this action, he does not actually claim that the United States did anything actionable.  Moreover, the presence of a new defendant does not necessarily undermine a conclusion of claim splitting.  *See, e.g., Lacy*, 2014 WL 6967957, at *6 (new defendant added to case did not bar court from dismissing complaint on grounds of claim splitting).

*Second*, the interests of judicial economy and avoiding vexatious litigation overwhelm any interest that the Trustee has in pursuing this case.  The Trustee will still have his ability to have his underlying claims heard before this Court, in the Omnibus Adversary Action.  He just will not have a chance to prosecute these causes of action.   The Trustee already had his chance to bring these causes of action in the Omnibus Adversary Action, and should not get another bite at the apple.   Further, the Trustee has already filed enough adversary proceedings in this bankruptcy to clog the Court's docket.  The Court should not face the burden of still another case on its docket.  Moreover, it would be tremendously inefficient and unfair to force the Bluewave Defendants to defend themselves in this case and in the Omnibus Adversary Action when the two cases present the same issue.

10

The Court should dismiss this case.  When faced with a duplicative suit, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Evans v. Groom*, No. 7:17-CV-4-BO, 2017 WL 2779645, at *2 (E.D.N.C. June 26, 2017) (citations omitted); *see also Sensormatic Sec. Corp.*, 329 F. Supp. 2d at 579 (*citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (It is within a district court's power to dismiss a suit that is duplicative of another suit).  Indeed, courts in the Fourth Circuit routinely dismiss a second suit when the second suit arises out of the same operative facts as the first suit.  *See, e.g., Hare v. Opryland Hosp., LLC*, No. DKC–11–1439, 2011 WL 6153128, at *2-4 (D. Md. 2011) (dismissing second suit where "it is undisputed that the parties, the forum, and the underlying conduct giving rise to the claims in *Hare I* and *Hare II* are not just similar, but are identical."); *Lacy v. Nat'l R.R. Passenger Corp.*, 2014 WL 6967957, at *5-7 (because second suit arose out of same operative facts, contained certain identical allegations, occurred during the same time frame, and the parties had already engaged in extensive discovery, doctrine against claim splitting applied and dismissal was warranted); *Wellin*, 2014 WL 2434636, at *12 (dismissing second and third suits); *Chihota v. Fulton, Friedman & Gullace, LLP*, No. CIV. WDQ-12-0975, 2012 WL 6086860, at *3 (D. Md. Dec. 5, 2012) (citations omitted) (dismissing second lawsuit with prejudice where "claims address the same pattern of conduct by the same party or its representative in the same … time period.").

### 2.    The Court should sanction the Trustee for engaging in vexatious, multiplicative proceedings.

The decision to file this lawsuit was an abuse of the Court's process.  The Trustee and his counsel did not file a duplicative action by accident.  Indeed, the Complaint in this action demonstrates that the Trustee's counsel made a conscious decision to pursue a new lawsuit based

on the same conduct as he has alleged in the Omnibus Adversary Action. The Court should not permit the Trustee to file seriatim lawsuits over the same alleged wrongs, just because the Trustee finds himself behind the Government. Instead, the Court should sanction the Trustee's counsel for filing this action and award the Bluewave Defendants their attorneys' fees pursuant to 28 U.S.C. § 1927.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. "Section 1927 is concerned with remedying abuse of court process. If an attorney needlessly multiplies a proceeding, then he may be liable for the costs of such extraneous litigation." *See Stradtman v. Republic Servs., Inc.*, 121 F. Supp. 3d 578, 580 (E.D. Va. 2015) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 756 n.3 (1980)). "Section 1927 focuses on the conduct of the litigation and not on its merits." *Stradtman*, 121 F. Supp. 3d at 587. It "seeks to admonish unnecessary … process to the extent manufactured by the bad faith actions of counsel." *Royal Ins. v. Lynnhaven Marine Boatel, Inc.*, 216 F. Supp. 2d 562, 567 (E.D. Va. 2002).

"For the court to impose an award of attorneys' fees under 28 U.S.C. § 1927 there must be a finding that the attorney acted in bad faith." *Fleekop v. Mann Music Ctr.*, No. CIV. A. 89-6846, 1990 WL 204253, at *3 (E.D. Pa. Dec. 12, 1990); *see also Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991); *Royal Ins.*, 216 F. Supp. 2d at 567. "A district court may find bad faith 'when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose ….'" *Caseres v. S & R Mgmt. Co., LLC*, No. CIV. AW 12-1358, 2013 WL 5781582, at *2 (D. Md. Oct. 24,

12

2013)(citation omitted).   "Objective bad faith does not require malice or ill will; 'reckless indifference to the law will qualify.  If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.'"  *Stradtman*, 121 F. Supp. 3d at 582 (cite omitted).

The decision to engage in improper piecemeal litigation is an extreme waste of the time and resources, and one that a reasonably careful attorney would have known to be unreasonable and vexatious.  The law against claim splitting is well-known, not newly-developed.  Moreover, there is little question that the allegations in the Omnibus Adversary Action and this action are substantially the same.  In fact, in his Complaint in this case, the Trustee alleges that the factual allegations against the Bluewave Defendants are "set forth more fully" in the First Amended Complaint in the Omnibus Adversary Action.  (Compl. ¶ 3.)  That allegation demonstrates the awareness that the two cases stem from the same set of facts.  In fact, the Complaint in this action does not allege any new facts that might bear on liability.  None.  To the contrary, the only thing new in the Complaint in this action are allegations about recent developments in the *Qui Tam* Actions.  Those allegations might bear on whether a constructive trust is a proper **remedy**, but they do not bear on liability.

Notably, this is not the first time that the Trustee's counsel has multiplied proceedings without regard for the impact on this Court's docket.  Indeed, Judge Novak has described the Trustee's counsel's approach as "blunderbuss" and criticized the "sheer volume of defendants and their various levels of culpability" that the Trustee chose to sue in the Omnibus Adversary Action.   (Case No. 3:17-mc-00004-DJN, ECF No. 87.)   Ultimately, in the wake of Judge Novak's criticism, the Trustee dismissed his claims against several individuals who had relatively low levels of culpability.

13

So too here.   The decision to file another lawsuit on the same basis as the Omnibus Adversary Action did nothing other than multiply the proceedings before this Court.   The Court now has to deal with yet another adversary proceeding on its docket, once again based on the theory that HDL was insolvent.   The Bluewave Defendants have to defend themselves from the same charges for a second time.   The Trustee did not need to multiply the proceedings in this way.   He chose to do so as a litigation tactic to reverse his position behind the Government.   The Court should impose sanctions accordingly.

**B.     The Court Should Dismiss This Proceeding Because The Complaint Establishes On Its Face That It Is Time-Barred.**

The Liquidating Trustee and his predecessors have known about their potential claims against the Bluewave Defendants for years.   Yet they chose to wait to bring this action until after the verdict in the *Qui Tam* Actions.   The verdict in the *Qui Tam* Actions, however, does not bear on liability in this case.   Because the Trustee has known or should have known the facts giving rise to his claims for more than two years, the statute of limitations bars those claims.

The statute of limitations for constructive trust and declaratory judgment actions are determined by the underlying wrong for which a constructive trust or declaratory judgment is sought.   *See Bd. of Sup'rs of Fairfax Cty. v. Thompson Assocs.*, 240 Va. 133, 139 (1990) (citation omitted) (in a declaratory judgment action "the applicability of the statute of limitations is determined by the object of the litigation, not the form in which it is filed… If the law were otherwise, the statute of limitations could be rendered meaningless merely by the filing of a declaratory judgment action."); *see also Richards v. 6830 Elm St. Corp.*, No. 143165, 1998 WL 972333, at *4 (Va. Cir. Aug. 28, 1998) (statute of limitations for constructive trust was same as that of underlying cause of action for fraud).

14

Here, the Trustee's claims are governed by the statute of limitations for fraud or fraudulent transfers because the claims sound in fraud and fraudulent transfers, even though the specific causes of action are for a constructive trust and a declaratory judgment.  In particular, the Liquidating Trustee alleges repeatedly that the amounts upon which he is seeking to impose a constructive trust were transferred to the BlueWave Defendants as a result of fraud or fraudulent transfers:

1.      Under Virginia law, a constructive trust does not arise from the parties' intentions, but rather it is borne by operation of law, **in order to prevent what otherwise would be a fraud.** ¶ 70 (emphasis added).

2.      As detailed above, the constructive trust's funds, comprised of the $220.3 million paid by HDL to BlueWave, can and have been traced by experts, leaving no room for doubt that **the BlueWave Defendants and BlueWave Transferee Defendants acquired these funds by fraud and improper means**, as further detailed in the Amended Complaint.  ¶ 77 (emphasis added).

3.   At the foundation of this [Illicit] scheme were three improper **and fraudulent** business practices.  ¶ 47 (emphasis added).

4.  The BlueWave Defendants were instrumental in enticing HCPs to order these baseless and/or **fraudulently overbilled tests** and were handsomely compensated by HDL for their efforts… ¶ 59 (emphasis added).

5.  The Illicit Scheme **defrauded** private insurers… ¶ 58 (emphasis added)

6.   HDL's former officers and directors designed and carried out improper and **fraudulent** business practices in violation of multiple laws and in breach of their fiduciary duties… ¶ 3 (emphasis added).

7. Dent and Johnson **transferred, or caused to be transferred, significant portions of the income BlueWave received from HDL to the other BlueWave Transferee Defendants.**  ¶ 57 (emphasis added).

8. The over $220.3 million **paid by HDL to BlueWave, and subsequently transferred to Dent, Johnson, and the BlueWave Transferee Defendants,** was entirely the product of the conduct of HDL, Mallory, and the BlueWave Defendants which formed the underlying basis of the Illicit Scheme. ¶ 87 (emphasis added).

In Virginia, the statute of limitations for fraud is two years.  *See Richards*, 1998 WL 972333, at * 2 (two year statute of limitations for fraud claims in Virginia); *see also Demetriades*

15

*v. Bryant*, 389 F. App'x 249, 250 (4th Cir. 2010) (citation omitted) (two year statute of limitations for fraud in Virginia). In fraud cases under Virginia law, the statute of limitations begins to run when the fraud was discovered, or when it could have reasonably been discovered through due diligence. *Demetriades*, 389 F. App'x at 250 (citation omitted).

Under the Bankruptcy Code, the statute of limitations for avoidance actions (i.e. fraudulent transfers) is two years from the date of the filing of the bankruptcy petition. *See* 11 U.S.C. 546(a); *see also In re Innovative Logistics Techniques, Inc*, No. 14-10053-BFK, 2016 WL 3212186, at *2 (Bankr. E.D. Va. May 31, 2016) ("two-year statute of limitations for avoidance actions under the Bankruptcy Code"); *In re Gen. Creations, Inc.*, 343 B.R. 548, 550 (Bankr. W.D. Va. 2006) ("For each of the Complaints to have been timely filed, each must have been filed no later than two years after July 22, 2003, the date of entry of the order for relief.").

HDL declared bankruptcy in June 2015, and the Committee was appointed soon thereafter. Both the Debtors and the Committee have since that time known about all of the underlying facts that are the basis for both the Omnibus Adversary Action and this action. Under the Plan, the Liquidating Trustee is the successor in interest to both the Debtors and the Committee, meaning that he is charged with their knowledge. Thus, under either Virginia's or the Bankruptcy Code's statute of limitations, the Liquidating Trustee needed to bring the claims in his Complaint before June 2017. He has not done so, and the case should be dismissed.

## II.    IF THE COURT DOES NOT DISMISS THIS PROCEEDING, THE COURT SHOULD STAY THIS PROCEEDING PENDING RESOLUTION OF THE OMNIBUS PROCEEDING.

There is no benefit to moving this case forward, even if the Court does not dismiss it. The Omnibus Adversary Action presents the same factual and legal questions, and the resolution of that action will have a substantial impact on the resolution of this case. Thus, the Court

should stay this case and permit the resolution of the Omnibus Adversary Action in order to ensure the most efficient administration of these matters.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Sentry Select Ins. Co. v. Guess Farm Equip., Inc.*, No. CIV.A. 5:12-03504-JM, 2013 WL 5797742, at *5 (D.S.C. Oct. 25, 2013).  A stay "requires a balancing of 'various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir.1977)).  "Those factors include judicial economy, the hardship and inequity to the moving party absent a stay, and the potential prejudice to the nonmovant."  *In re Webb*, No. 3:15-BK-30498, 2017 WL 730429, at *1 (Bankr. S.D.W. Va. Feb. 23, 2017).

Here, these factors favor entry of a stay.  Judicial economy favors a stay because there is no need for the Court to administer two cases when one case will address all of the issues. Indeed, absent a stay, the Bluewave Defendants might have to participate in discovery on the same subjects twice, once in this case and once in the Omnibus Adversary Action.  For the same reasons, the Bluewave Defendants would suffer hardship and an inequitable result in the absence of a stay.  The outcome of the Omnibus Adversary Action will determine the dispute between the Bluewave Defendants and the Liquidating Trustee because *res judicata* will apply.  Yet in the absence of a stay, the Bluewave Defendants would have to litigate the issues twice, waiting to see which case gets to resolution first.  They should not have to do so.  Finally, the Trustee will not suffer any prejudice from a stay.  He will still have an opportunity to take fulsome discovery,

present summary judgment arguments, and ultimately to have a trial in either this Court or the District Court.  In short, the Trustee will have his day in Court, even in the event of a stay.

Notably, the Liquidating Trustee has already recognized the benefits of a stay in similar circumstances.  As the Court will recall, Aetna, *Inc.* filed an action against the Bluewave Defendants, among others, in the Eastern District of Pennsylvania.  After Aetna assigned its claim to the Liquidating Trust, that case was transferred to this Court.  *See Aetna, Inc. v. Mallory*, Adv. Proc. No. 16-03349-KRH (the "Aetna Adversary Proceeding").  After the case was transferred, the Trustee asked the Court to stay the *Aetna* action because the Complaint in the Omnibus Adversary Action incorporated the claims that Aetna asserted.  (Aetna Adversary proceeding Dkt. No. 2.)  In support of that Motion, the Trustee argued that the Court should stay the Aetna Adversary Proceeding "to avoid duplication or waste of judicial resources."  (*Id.* at ¶ 6.)  The same is true here:  this case duplicates the Omnibus Adversary Action, and the Court should stay the case to avoid a waste of judicial resources.

## CONCLUSION

The Liquidating Trustee has asserted his claims against the Bluewave Defendants, and the Bluewave Defendants are defending themselves against those claims.  The Court should not make them do it all over again.  The claims in this case duplicate the ones that the Liquidating Trustee has already filed.  While the Liquidating Trustee might not like the position in which he finds himself vis-à-vis the Government, that is no excuse for suspending the rules against claim splitting.  The Court should dismiss this case and sanction the Trustee's counsel for multiplying the proceedings in the first place.

Dated: April 12, 2018                    Respectfully submitted,


                                          /s/ Jesse N. Silverman
                                         Joshua D. Wolson (Admitted *pro hac vice*)
                                         Jesse N. Silverman (VSB No. 46456)
                                         Jennifer L. Maleski (Admitted *pro hac vice*)
                                         **DILWORTH PAXSON LLP**
                                         1500 Market Street, Suite 3500E
                                         Philadelphia, PA 19102
                                         Telephone: (215) 575-7000

                                         *Attorneys for BlueWave Healthcare*
                                         *Consultants, Inc., et al.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendants *BlueWave Healthcare Consultants, Inc.*, *et al.* hereby certifies that on April 12, 2018, a true and correct copy of the foregoing document was filed through the Court's CM/ECF filing system.  In addition, the document has been served via the CM/ECF system and/or first class mail on the parties listed below.

| | |
|---|---|
| Cullen D. Speckhart<br>WOLCOTT RIVERS GATES<br>200 Bendix Road, Suite 300<br>Virginia Beach, VA 23452<br>cspeckhart@wolriv.com<br><br>*Counsel to Plaintiff Richard Arrowsmith,*<br>*Liquidating Trustee of the HDL Liquidating Trust* | Richard S. Kanowitz (admitted pro hac vice)<br>Cooley LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>rkanowitz@cooley.com<br><br>*Counsel to Richard Arrowsmith, Liquidating*<br>*Trustee, and the Liquidating Trust Oversight*<br>*Committee* |

/s/ Jesse N. Silverman
    Jesse N. Silverman