**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| In re:<br><br>HEALTH DIAGNOSTIC LABORATORY INC. *et. al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 15-32919 (KRH)<br><br>(Jointly Administered) |
| RICHARD ARROWSMITH, LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST,<br><br>    Plaintiff,<br><br>    vs.<br><br>G. RUSSELL WARNICK, LATONYA S. MALLORY, JOSEPH P. MCCONNELL, SATYANARAIN RANGARAJAN, ROBERT BRADFORD JOHNSON, FLOYD CALHOUN DENT, III *et al*.<br><br>    Defendants. | Adv. Proc. No**.** 16-03271 (KRH) |

**MOTION TO STRIKE PLEADINGS AND FOR ORDER DIRECTING
COMPLIANCE WITH PRETRIAL PROTOCOL ORDER AND FOR SANCTIONS**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

Douglas P. Lobel (VSB No. 42329)
**COOLEY LLP**
11951 Freedom Drive
Reston, VA  20190-5656
Telephone: (703) 456-8000
Direct: (703) 456-8019
Email: dlobel@cooley.com

Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Plaintiff Richard Arrowsmith,
Liquidating Trustee of the HDL Liquidating Trust*

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 1040
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,
Liquidating Trustee of the HDL Liquidating Trust*

Plaintiff Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Liquidating Trustee**"), appointed pursuant to the confirmed Modified Second Amended Plan of Liquidation (the "**Plan**")[2] of the Debtors (the "**Debtors**," or "**HDL**") in these jointly administered bankruptcy cases (the "**Chapter 11 Cases**" or the "**Cases**"), by his undersigned counsel, hereby moves this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (1) striking two notices of hearing filed herein on behalf of the BlueWave Related Defendants (as defined herein) [Docket Items No. 34 and 37] (the "**Hearing Notices**") as filed in violation of this Court's Order Establishing Omnibus Pretrial Protocol (the "**Pretrial Protocol Order**"); (2) directing the BlueWave Related Defendants to comply with the Pretrial Protocol Order for all purposes in this case; and (3) imposing sanctions against the BlueWave Related Defendants. In support of this Motion, the Liquidating Trustee respectfully states as follows:

## RELEVANT BACKGROUND AND REQUESTS FOR RELIEF

1. On April 16, 2016, the Liquidating Trustee commenced this adversary proceeding by filing a complaint (the "**Omnibus Complaint**") in this Court asserting, *inter alia*, various claims and causes of action against Leah Bouton, Thomas Carnaggio, Kevin Carrier, Jerry Carroll, John Coffman, Kristin Dukes, Jason Dupin, Seneca Garrett, Erika Guest, Julie Harding, Heather Lockhardt, Courtney Love, Charles Maimone, Kyle Martel, David Pember, Michael H. Samadani, Jennifer Speer (the "**BlueWave Sales Representatives**"), and Advanced Medical Sales, L.L.C., Christo Consulting Corp., DX Sales, LLC, Disease Testing & Management LLC, El Medical Consulting Inc., Infinity Medical Consulting LLC, JBH Marketing, Inc., MRT Health Consultants Inc., Meade Medical Group, LLC, Nibar Health Consultants, Inc., Quasi Maturi LLC, Remember

---

[2] Capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Plan.

Pember Inc., Southeast Healthcare Consultants LLC, and WCBLUE Lab LLC (the "**BlueWave Transferee Defendants**," and together with the BlueWave Sales Representatives, the "**BlueWave Related Defendants**"). As more fully set forth in the Omnibus Complaint, the BlueWave Related Defendants were an integral part of the fraudulent scheme that ultimately led to the demise of HDL.

2. On September 29, 2016, the Liquidating Trustee filed his Motion for Entry of Order Establishing Omnibus Pretrial Protocol [Docket Item No. 7] (the "**Pretrial Protocol Motion**"). On October 20, 2016, this Court convened a hearing on the Pretrial Protocol Motion (the "**Pretrial Protocol Hearing**"). At the Pretrial Protocol Hearing, counsel for the Liquidating Trustee highlighted the key features of the proposed Pretrial Protocol Order, including the proposed timeline for initial pleadings, responses, and hearings on initial responses to the Omnibus Complaint. Specifically, counsel for the Liquidating Trustee explained that the deadline for "motions or answers" would be December 16, 2016, that responses to initial motions would be due by March 15, 2017, and that hearings on initial pleadings would "kickoff" in April of 2017.[3]

3. Also at the Pretrial Protocol Hearing, various counsel expressed to this Court that all parties to the Omnibus Complaint were interested in participating in a meaningful meet-and-confer process in respect of pretrial disputes, so as not to burden the Court with contested discovery matters. The Court responded with approval, indicating that it shared in the goal of cooperation among the parties.[4]

4. Counsel for the BlueWave Related Defendants were present at the Pretrial Protocol Hearing and took no exception with the remarks made by counsel regarding cooperative participation or timing of hearings on initial responses to the Omnibus Complaint. None of the

---

[3] Transcript of proceedings, October 20, 2016, at pp. 14.

[4] *Id*. at pp. 18.

BlueWave Related Defendants interposed any objection to entry of the Pretrial Protocol Order as presented to the Court. The Pretrial Protocol Order was entered by consent on October 21, 2016.

5. Prior to the conclusion of the Pretrial Protocol Hearing, counsel for the Liquidating Trustee indicated to the Court that it would request the issuance of an alias summons (the "**Summons**") to set the deadline for filing of initial responses to the Omnibus Complaint at December 16, 2016, which Summons the Liquidating Trustee would serve on all Defendants along with an unredacted copy of the Omnibus Complaint, consistent with the provisions of this Court's Order Granting Motion to File Information Under Seal and Restricting Public Access Thereto (the "**Sealing Order**").

**BlueWave Related Defendants' Demands for Early Receipt of Unredacted Information**

6. On and around October 27, 2016, counsel for the BlueWave Related Defendants transmitted a series of emails demanding that counsel for the Liquidating Trustee transmit an unredacted copy of the Omnibus Complaint notwithstanding that the Summons had yet to be issued and refusing to accept service of the Omnibus Complaint on behalf of any of his clients. In response, counsel for the Liquidating Trustee referenced the proposed Pretrial Protocol Order and indicated that, per its provisions and pursuant to the applicable Bankruptcy Rules, unredacted copies of the Omnibus Complaint would be served along with the Summons upon entry of the same.

7. Unsatisfied with this response, counsel for the BlueWave Related Defendants phoned counsel for the Liquidating Trustee on October 31, 2016 reiterating his demands and providing counsel for the Liquidating Trustee with "one last chance" to reconsider her position. When counsel for the Liquidating Trustee repeated that unredacted copies of the Omnibus Complaint would not be provided outside of the applicable orders and Rules, counsel for the BlueWave Related Defendants threatened counsel for the Liquidating Trustee, warning that she would "live to regret the day" she refused to yield to his demands. Referencing his forty years of

experience in practicing law and reputation with the Bankruptcy Court, counsel for the BlueWave Related Defendants explained "the facts of life" to counsel for the Liquidating Trustee, indicating that she should not expect cooperation or courtesy from him in the future of this case as punishment for her refusal to give him the advanced treatment he desired.

8. On the following day, the Summons was issued, which Summons was served on the BlueWave Related Defendants along with an unredacted copy of the Omnibus Complaint. A copy of both documents was transmitted to counsel for the BlueWave Related Defendants via email. Correspondence regarding this dispute is attached hereto as **Exhibit B**, which includes two letters written to this Court and filed on the docket of this case by counsel to the BlueWave Related Defendants.

**The BlueWave Related Defendants' Demands for Early Hearings on Responses to Complaint**

9. On November 21, 2016, counsel for the BlueWave Related Defendants filed a motion to dismiss the Omnibus Complaint on behalf of the BlueWave Sales Representatives together with a notice of hearing, purporting to set a hearing on that motion for January 19, 2016 [Docket Item No. 34]. On November 22, 2016, counsel for the BlueWave Related Defendants filed a motion to dismiss the Omnibus Complaint on behalf of the BlueWave Transferee Defendants together with a notice of hearing, purporting to set a hearing on that motion for January 19, 2016 [Docket Item No. 37].[5]

10. The companion motions to dismiss filed on behalf of the BlueWave Related Defendants seek relief available only in the context of a Rule 12(b) motion. In an attempt to evade the Pretrial Protocol Order, the BlueWave have styled their pleadings to masquerade under a litany of other procedural rules, including Federal Rules of Civil Procedure 8, 9, 10, 20, and 41.

---

[5] The Hearing Notices reflected at Docket Item Numbers 34 and 37 were deficiently filed, as reflected by the Clerk's Notice of Deficient filing as issued in connection with the same at Docket Item Number 38. This Motion intends to reference and apply to any corrected notices of hearing that are filed on behalf of the BlueWave Related Defendants as may purport to set any hearings in contravention of the Pretrial Protocol Order.

5

11. The form of the motions to dismiss cannot hide their substance as requests for Rule 12(b) relief. Indeed, all of the cases cited by the BlueWave Related Defendants in support of their claim that the "dismissal of the entire complaint under Rule 41(b) is the appropriate sanction" actually rely upon Rule 12(b)(6).[6] *See Turton v. Va. Dept. of Educ.*, No. 3:14cv446, 2014 WL 12539403 (E.D. Va. Sep. 23, 2014) ("[T]he Court has examined the various motions to dismiss under Fed. R. Civ. P. 12 (b) (1) and (b) (6) . . . ."); *Negron-Bennett v. McCandless,* No. 1:13cv387, 2013 WL 3873659, at *4 (E.D. Va. July 24, 2013)("Motion to Dismiss under Rule 12(b)(6)"), *aff'd*, 572 F. App'x 246 (4th Cir. 2014); *Roberts v. Balasco (In re Ernie Haire Ford, Inc.)*, 459 B.R. 824, 834 (Bankr. M.D. Fla. 2011) (adjudicating a Rule 12 motion). The BlueWave Related Defendants cannot cite any authority to suggest that Rule 41(b) is applicable to pre-answer motions to dismiss such as these, because the relief requested by the BlueWave Related Defendants is only procedurally available under Rule 12.

12. Accordingly, upon receipt of the Hearing Notices, counsel for the Liquidating Trustee wrote counsel for the BlueWave Related Defendants, requesting that he withdraw the Hearing Notices voluntarily in light of the provisions of the Pretrial Protocol Order regarding initial responses to the Omnibus Complaint:

> ***Responses to Complaint***. All Answers or Rule 12 Motions in response to the Complaint are due December 16, 2016. An Opposition brief to a Rule 12 Motion is due March 15, 2017, or 90 days after the filing of the Rule 12 Motion, whichever is later. Pretrial Protocol, ¶ 2.

On behalf of the BlueWave Related Defendants, Mr. Dumville replied with refusal to voluntarily withdraw the Hearing Notices, explaining as follows:

> With regard to your message, I am puzzled as to why you say I filed a Rule 12(b) motion yesterday. We did file a motion yesterday, and are filing a companion motion today for another group of clients, but they are not 12(b) motions. If you will carefully review the supporting Memoranda and authorities cited, I think you will concur.

---

[6] *See* BlueWave Defendants' Memorandum at p.18.

6

Relevant email correspondence is attached hereto as **Exhibit C**.[7]

13. Using semantics and gamesmanship, Mr. Dumville attempts to circumvent the provisions of the Pretrial Protocol Order regarding "Responses to Complaint." While the Liquidating Trustee takes no issue with the filing of the underlying motions, the Liquidating Trustee believes that the Pretrial Protocol is mandatory in its directives as to timing, and that early hearings on the motions would violate the process the order has established. For this reason, and to preserve both the word and spritit of the Pretrial Protocol Order, the Liquidating Trustee requests that the Hearing Notices be stricken from the record of this case.

### The BlueWave Related Defendants' Demands for Early Discovery

14. In yet a third attempt to gain litigation advantages out of order in this case, on November 23, 2016, Mr. Dumville transmitted a letter to counsel for the Liquidating Trustee on behalf of the BlueWave Related Defendants (the "**Rule 11 Letter**"), demanding that expansive discovery regarding the merits of the Omnibus Complaint be provided in advance of December 7, 2016. The letter goes on to threaten counsel for the Liquidating Trustee:

> **If you do not do so, we will pursue recovery of all attorneys' fees and other litigations expenses incurred by our clients in this litigation, as well as other sanctions, under Rule 11.**

The Rule 11 Letter and the Liquidating Trustee's written response is attached hereto as **Exhibit D**. The BlueWave Related Defendants' procedurally and substantively improper use of Rule 11 to compel counsel for the Liquidating Trustee to violate the Pretrial Protocol Order – and to provide an unfair advantage to the BlueWave Related Defendants – should not be countenanced by this Court.

---

[7] It should be noted that at no point during negotiations regarding the Pretrial Protocol Order did counsel for the BlueWave Related Defendants request clarification as to whether the words "Responses to Complaint" contemplated responses other than those specifically styled as answers or Rule 12 Motions. If Mr. Dumville was "puzzled" as to the meaning of the Pretrial Protocol Order, he should have taken the opportunity to raise his concerns at the Pretrial Protocol Hearing or in advance thereof. His failure to do so, and his opportunistic creation of an alleged ambiguity where one does not exist, represents an intellectually insincere exercise of bad faith.

7

**BASIS FOR RELIEF**

15. This Court is empowered to enforce its own orders by the Plan and the Bankruptcy Code, which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to that section, the Court may take "any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*.

16. Further, The Federal Rules of Civil Procedure, applicable herein, authorize district courts to impose sanctions when a party violates a discovery order. *Stewart v. VCU Health Sys. Auth.*, 2012 U.S. Dist. LEXIS 17777, (E.D. Va. Feb. 10, 2012); a court must take into account the need to deter misconduct with which it has been confronted and must consider the effectiveness of less drastic sanctions. *Roadtechs, Inc. v. MJ Highway Tech., Ltd.*, 83 F. Supp. 2d 677 (E.D. Va. 2000) (finding defendant in civil contempt for violation of a court order and concluding that imposition of monetary sanctions was an appropriate remedy).

17. As set forth above, the BlueWave Related Defendants have intentionally abused the process of this Court by repeatedly violating the Pretrial Protocol Order and in threatening counsel for the Liquidating Trustee with sanctions in an attempt to force them to do the same. For such conduct, this Court should order that sanctions be imposed against the BlueWave Related Defendants.

18. The Liquidating Trustee shall not commit violations of the Pretrial Protocol Order in response to threats, intimidation tactics, or otherwise. The Liquidating Trustee recognizes that the intent of this Court in entering the Pretrial Protocol Order was to provide for an orderly, unified, and systematic process by which the pretrial phases of this case shall proceed. Just as importantly, the proposed second installment of the pretrial protocol specifically directs that parties to the Omnibus Complaint interact with each other cooperatively as has always been intended, such that

this extremely complex adversary proceeding does not turn into a disorganized circus of piecemeal pretrial litigation and fragmented discovery. The Liquidating Trustee believes that such as the intent of the Court in entering the Pretrial Protocol Order in the first instance.[8]

19. To protect the process of this case, to preserve the integrity of the Pretrial Protocol Order, and to prevent the receipt of unfair advantage by any Defendant, the Liquidating Trustee respectfully requests that (1) the Hearing Notices be stricken; (2) the BlueWave Related Defendants be ordered to comply with the Pretrial Protocol in all respects; and (3) sanctions be imposed upon the BlueWave Related Defendants for their failure to abide the Pretrial Protocol Order, and that the Liquidating Trustee be awarded his fees and costs expended in connection with the issues referenced herein.

## WAIVER OF MEMORANDUM OF LAW

20. Pursuant to Local Bankruptcy Rule 9013-1(G), because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Liquidating Trustee requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

[*Remainder of this page intentionally left blank.*]

---

[8] On September 22, 2016, this Court remarked regarding the Pretrial Protocol: "All right, well, and I would encourage everyone to be very much involved in this order, as far as establishing the protocol so that we can have an organized fashion in which this case can proceed forward. I think that's to everyone's advantage, so I'll look forward to that." Transcript of September 22, 2016, pp. 190.

## **CONCLUSION**

WHEREFORE, the Liquidating Trustee respectfully requests that the Court immediately enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion and setting a hearing to determine whether sanctions should be imposed upon the BlueWave Related Defendants for their violation of the Pretrial Protocol Order, and awarding such other and further relief as may be just and proper.

    /s/ *Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street Ste. 1040
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

Douglas P. Lobel (VSB No. 42329)
**COOLEY LLP**
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Direct; (703) 456-8019
Email: dlobel@cooley.com

Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Plaintiff Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*