**In re Health Diagnostic Laboratory, Inc.**
**Case No. 15-32919 (KRH)**
**Adv. Pro. No. 16-03271 (KRH)**

## SUMMARY OF LIQUIDATING TRUSTEE'S RESPONSES TO MOVANTS' ARGUMENTS IN SUPPORT OF THEIR MOTIONS TO DISMISS

This chart summarizes the arguments in the Movants' motions to dismiss and/or corresponding memoranda of support (each a "**MTD**," and collectively, "**MTDs**") filed in connection with the Liquidating Trustee's Complaint [Adv. Pro. No. 16-03271 Dkt No. 1], as well as the arguments in the Movants' reply briefs in support of the MTDs (each a "**Reply**") and the Liquidating Trustee's responses to the arguments as reflected in the Liquidating Trustee's Omnibus Opposition to Motions to Dismiss Complaint ("**Opposition**") [Adv. Pro. No. 16-03271 Dkt No. 221].[1]

| Docket No. | Movant | Movant's Arguments in Support of Motion to Dismiss | Response in Opposition to Movant's Arguments by Liquidating Trustee |
|---|---|---|---|
| MTD Dkt No. 76<br><br>Reply Dkt No. 253 | Patrick W. Colberg, Nicole Finn, Leigha Stream, EELLS Consulting, Inc., Medcentric, LLC (collectively, "**Colberg Defendants**") | • State law claims in Counts 65-70, 72-73 should be dismissed for lack of post-confirmation subject matter jurisdiction. Colberg Defendants MTD at 17-28.<br><br>• Claims in Counts 37-46, 52, 65-70, 72-73 should be dismissed as against Colberg, Finn and Stream as beneficiaries of a release in Section 3.1 of the True Health Asset Purchase Agreement. Colberg Defendants MTD at 28-33; Colberg Defendants Reply at 2-3. Colberg, Finn and Stream are also protected by the covenant not to sue and an injunction barring and enjoining claims against them. Colberg Defendants Reply at 4-14. | • The Court has subject matter jurisdiction over the enumerated Counts because there is a "close nexus" of the claims to the Cases and the Plan. *See* Opp. ¶¶ 32-45.<br><br>• The True Health Seller's Release does not apply to the creditor causes of action because the Trust holds various claims and causes of action that did not belong to the Sellers at the time of the entry of the Sale Order, and were therefore not released thereby. *See* Opp. ¶¶ 65-68. As to such claims, including claims of Assigning Creditors, the Liquidating Trustee does not act in his capacity as successor to |

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Opposition.

| | |
|---|---|
| Colberg, Finn and Stream were employees of THD at the time of the filing of the Omnibus Complaint. Colberg Defendants Reply at 14-15. | the Debtors, but instead as a representative of the Trust appointed pursuant to the Plan to administer its assets for the benefit of all creditors. *Id.* |
| • Omnibus Complaint fails to meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. Colberg Defendants MTD at 34-35. | • The Omnibus Complaint complies with Rule 9(b) and meets the requisite pleading requirements for avoidance of fraudulent transfers. *See* Opp. ¶¶ 21-25, 28-31. |
| • The Omnibus Complaint fails to identify transfers alleged to be fraudulent as to EELLS Consulting and Medcentric in Counts 37-46 such that these defendants can formulate a defense. Colberg Defendants MTD at 34-35. | • The Movants possess the knowledge regarding the subject transactions. The Liquidating Trustee properly alleges transfers were made to the Movants, and will obtain specific information as to the transfers through discovery. *See* Opp. ¶¶ 73-75. |
| • Preferential transfer claim in Count 52 is insufficiently pled by not including allegations as to specific transfers received by EELLS Consulting, Medcentric and other BlueWave transferee Defendants within 90 days of the Petition Date on account of antecedent debt as creditors of the estate. Colberg Defendants MTD at 35-37. | • The Liquidating Trustee has sufficiently pled that Colberg (including EELLS Consulting, Medcentric, and other BlueWave Transferee Defendants) were initial, immediate and/or mediate transferees of the One Year Preferential Transfers under Section 550 of the Bankruptcy Code. *See* Opp. ¶ 133. |
| • There is no allegation that EELLS Consulting, Medcentric or any of the other BlueWave Transferee Defendants were insiders of the Debtors. Colberg Defendants MTD at 36. | • The Movants are sufficiently alleged to have been initial, immediate and/or mediate transferees of the One Year Preferential Transfers under Section 550 of the Bankruptcy Code. *See* Opp. ¶¶ 135-136. |

| MTD Dkt No. 79 Reply Dkt No. 261 | Leah Bouton and additional defendants listed on Exhibit A attached to Bouton Defendants' Motion to Dismiss [Dkt. No. 78] (collectively, "**Bouton Defendants**") | • The Liquidating Trustee has failed to identify the Assigning Creditors or the basis on which they have a valid fact-specific cause of action against the Bouton Defendants, falling short of requirements in *Twombly* and *Iqbal*. Bouton Defendants MTD at 12-14; Bouton Defendants Reply at 4-5. The Liquidating Trustee seeks to apply an outdated standard of review for Rule 12(b)(6) Motions. Bouton Defendants Reply at 3-4. | • The identity of the Assigning Creditors can be ascertained from the Plan and related pleadings. *See* Opp. ¶26. The Creditor Causes of Action and facts supporting same are identified in the Omnibus Complaint. *Id.* ¶27. Rule 9 standard is different for third parties such as estate representatives, and the Omnibus Complaint complies with the standard applicable to the Liquidating Trustee. *Id.* ¶¶ 21-31. |
| | | • Claims for assumpsit and unjust enrichment in Counts 65 and 66 should be dismissed because the Liquidating Trustee fails to allege the benefits each Bouton Defendant obtained from a particular Assigning Creditor, the knowledge of the benefit or expectation and/or promise to repay same, as well as what benefits each of the Bouton Defendants accepted or retained without paying for their value. Bouton Defendants MTD at 14-17; Bouton Defendants Reply at 7-8. | • The Liquidating Trustee has met his pleading obligations with respect to Counts 65 and 66, and has sufficiently pled the details of all transfers. *See* Opp. ¶¶ 143-155. |
| | | • Claims for intentional and constructive fraud in Counts 67 and 68 should be dismissed for failure to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Bouton Defendants MTD at 17-21. | • The Liquidating Trustee has met the pleading requirements of Rule 9(b) as applied to third parties, such as estate representatives. *See* Opp. ¶¶ 21-23, 28-31. |
| | | • Alleged fraud claims of the Assigning Creditors (Counts 67 and 68) are barred | • The Movants' affirmative defense is premature. *See* Opp. ¶ 189. A |

3

| | | | |
|---|---|---|---|
| | | by Virginia's two-year statute of limitations. Bouton Defendants MTD at 19-21. | limitations period cannot be applied in this case until the nature and timing of the transactions are clarified and it is determined whether there existed a unified fraudulent scheme or whether the statutory period was tolled. *Id.* ¶¶ 188-196. Nor have Movants proven that Virginia statute of limitations law applies here; assigned claims arise under many other states' laws (e.g., PA and CT, with longer limitations periods and well-established tolling doctrines). |
| | | • Elements of claims in Counts 69 and 70 for tortious interference with contracts, contract expectancy, prospective business relationships and the economic advantage of the Assigning Creditors are pled on conclusory basis and should be dismissed. Bouton Defendants MTD at 21-23. Regardless of which state law applies to the claims of tortious interference, tortious interference allegations do not measure up to the *Twombly* and *Iqbal* standard. Bouton Defendants Reply at 5-7. | • Claims for tortious interference are sufficiently stated under the laws of Virginia, Pennsylvania and Connecticut. *See* Opp. ¶¶ 168-177. |
| | | • Common law and statutory business conspiracy in Counts 72 and 73 are pled on conclusory basis and should be dismissed. Bouton Defendants MTD at 23-25. | • The Omnibus Complaint contains detailed factual allegations supporting claims for common law conspiracy and for violation of the Virginia Business Conspiracy Act. *See* Opp. ¶¶ 160-167. |
| | | • Because the conspiracy claims are based on the torts of fraud and intentional interference with contract/business | • The Omnibus Complaint sufficiently states claims for fraud and tortious interference, as well as conspiracy and |

<table>
<tr>
<td></td>
<td></td>
<td>expectancies, which fail to state a valid claim, conspiracy claims must fail as well. Bouton Defendants MTD at 25.</td>
<td>violation of the Virginia Business Conspiracy Act. *See* Opp. ¶¶ 28-31, 160-167, 168-177.</td>
</tr>
</table>

| MTD Dkt No. 100 | | | |
|---|---|---|---|

- Pursuant to Va. Code §8.01-26, tort claims the Liquidating Trustee asserts are not assignable and are, therefore, barred. Bouton Defendants MTD at 25-26; Bouton Defendants Reply at 8-9.

- All actions against the Released Defendants should be dismissed pursuant to the release in the True Health Asset Purchase Agreement. Bouton Defendants MTD at 26-30.

- The Liquidating Trustee lacks standing to assert claims on behalf of the Assigning Creditors because an absolute assignment was not obtained. Bouton Defendants MTD at 30-34.

- The assignment to the Liquidating Trustee is unconditional and the Assignment Agreements executed by the Assigning Creditors are governed by New York law. *See* Opp. ¶¶ 57, 64.

- The True Health seller's release does not apply to the creditor causes of action. *See* Opp. ¶¶ 65-68.

- The Liquidating Trustee has standing to assert claims of Assigning Creditors pursuant to the unconditional assignment of their claims to the Trust and *In re Bogdan*, 414 F.3d 507 (4th Cir. 2005). *See* Opp. ¶¶ 57-63.

| MTD Dkt No. 100 Reply Dkt No. 260 | JP Cornwell, Inc. and Jeffrey "Boomer" Cornwell (collectively, "**Cornwell**") | • State law claims in Counts 65-70, 72-73 should be dismissed as to Mr. Cornwell for lack of subject matter jurisdiction. Cornwell MTD at 7-8; Cornwell Reply at 7.<br><br>• The Omnibus Complaint is a shotgun pleading. Cornwell MTD at 8. | • The Court has subject matter jurisdiction over the enumerated Counts because there is a "close nexus" of the claims to the Cases and the Plan. *See* Opp. ¶¶ 32-45.<br><br>• The Omnibus Complaint satisfies Rule 8 and is necessarily lengthy and complex due to the systemic and multifarious nature of HDL's fraudulent scheme. *See* Opp. ¶¶ 10-20. |

| | | | |
|---|---|---|---|
| | | • The Omnibus Complaint does not comply with Rules 8(a)(2), 9(b), 10(b), 20(a)(2) of the Federal Rules of Civil Procedure, such that the deficiencies warrant dismissal of the Omnibus Complaint, or in the alternative, severance of claims into separate, manageable adversary proceedings. Cornwell MTD at 8-9, 19-20; Cornwell Reply at 3-7 (arguing non-compliance with Rules 8, 9 and 20) and 12-13. The Assigning Creditor Counts are not assignable under Virginia law and enforcing the assignment would violate the state's public policy. Cornwell Reply at 8-10. | • The Omnibus Complaint complies with Rules 8, 9, 10 and 20 and cannot be severed into separate adversary proceedings given its complexity. *See* Opp. ¶¶ 10-20; *see also* fn. 5, incorporating [Adv. 16-03271 Dkt. Nos. 91, 191]. |
| | | • The Omnibus Complaint should be dismissed as to Mr. Cornwell because counts in which he is named (Counts 65-66 (assumpsit and unjust enrichment), 67-68 (actual and constructive fraud), 69-70 (tortious interference with contract and business expectancy), 72-73 (common law conspiracy and statutory business conspiracy)) fail to allege facts sufficient to state a claim upon which relief can be granted. Cornwell MTD at 9-16; Cornwell Reply at 10. | • The Omnibus Complaint sufficiently states the claims in Counts 65-70, 72-23 as to all defendants. *See* Opp. ¶¶ 28-31, 143-155, 160-167, 168-177. |
| | | • The Omnibus Complaint should be dismissed as to Cornwell, Inc. as a BlueWave Transferee Defendant because counts in which it is named (Counts 37-46 (fraudulent conveyances), 52 (avoidance of preferential transfers), and Count 55 (trust fund doctrine)) fail to | • The Omnibus Complaint sufficiently states the claims in Counts 37-46, 52 and 55 as to all defendants. *See* Opp. ¶¶ 69-117, 129-139, 223-229. |

| | | | |
|---|---|---|---|
| | | allege facts sufficient to state a claim upon which relief can be granted. Cornwell MTD at 16-18; Cornwell Reply at 10-12.<br><br>• The Omnibus Complaint should be dismissed as to Cornwell, Inc. as a Major Sales Contractor Defendant because the counts in which it is named (Counts 55 (trust fund doctrine), 65-66 (assumpsit and unjust enrichment), 67-68 (actual and constructive fraud), 69-70 (tortious interference with contract and business expectancy), and 72-73 (common law conspiracy and statutory business conspiracy)) fail to allege facts sufficient to state a claim upon which relief can be granted. Cornwell MTD at 18-19. | • The Omnibus Complaint sufficiently states the claims in Counts 55, 65-70 and 72-73 as to all defendants. *See* Opp. ¶¶ 21-23, 28-31, 143-155, 160-167, 168-177, 223-229. |
| MTD Dkt No. 102 | Scott Mallory ("**S. Mallory**") | • Count 51 (avoidance of preferential transfers) should be dismissed as to Mr. Mallory because the Liquidating Trustee seeks to recover transfers that are less than the minimum amount established by law in Bankruptcy Code Section 547(c)(9). S. Mallory MTD at 4-5.<br><br>• To the extent Count 52 (avoidance of preferential transfers to insiders) can be interpreted to include Mr. Mallory, this Count should be dismissed as to Mr. Mallory because the transfer to Mr. Mallory is only indicated on Exhibit E. Even if the Liquidating Trustee intended | • In addition to be named as an initial transferee, Mr. Mallory is named as an immediate or mediate transferee of the 90 Day Preferential Transfers and as a beneficiary of the One-Year Preferential Transfers. As such, the total preference claims against Mr. Mallory exceed the statutory limit of Section 547(c)(9). *See* Opp. ¶ 134.<br><br>• In addition to be named as an initial transferee, Mr. Mallory is named as an immediate or mediate transferee of the 90 Day Preferential Transfers and as a beneficiary of the One-Year Preferential Transfers. As such, the total preference claims against Mr. Mallory exceed the |

| | | | |
|---|---|---|---|
| | | to include Mr. Mallory in Count 52, this count should be dismissed as to Mr. Mallory because the statutory amount listed on Exhibit E is less than the minimum amount established by law in Bankruptcy Code Section 547(c)(9). S. Mallory MTD at 5-6. | statutory limit of Section 547(c)(9). *See* Opp. ¶ 134. |
| | | • Mr. Mallory adopts and incorporates the motions to dismiss of all other defendants in this adversary proceeding to the extent those arguments are applicable to Mr. Mallory. S. Mallory MTD at 6. | • To the extent any other arguments are applicable to Mr. Mallory, they are addressed in ¶¶ 1-237 of the Opposition. |
| MTD Dkt No. 104 Reply Dkt No. 263 | **BlueWave Defendants** as defined in Motion to Dismiss of Defendants BlueWave Healthcare Consultants, Inc. et al. Pursuant to Rule 12(b)(6) [Dkt. No. 103] | • The Omnibus Complaint is a shotgun pleading, which fails to satisfy the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. BlueWave Defendants MTD at 1, 27-30; BlueWave Defendants Reply at 1-4. | • The Omnibus Complaint satisfies Rule 8 and is necessarily lengthy and complex due to the systemic and multifarious nature of HDL's fraudulent scheme. *See* Opp. ¶¶ 10-20. |
| | | • The Omnibus Complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure due to the improper group pleading of the fraudulent conveyance claims based on actual fraud. BlueWave Defendants MTD at 9. | • Rule 9 standard is different for third parties such as estate representatives, and the Omnibus Complaint complies with the standard applicable to the Liquidating Trustee. *Id.* ¶¶ 21-24, 28-31. |
| | | • The Liquidating Trustee's actual fraudulent conveyance claims fail because he fails to sufficiently identify how HDL defrauded its creditors. BlueWave Defendants MTD at 10-11; BlueWave Defendants Reply at 4. | • The Liquidating Trustee properly alleges all elements for avoidance of intentional fraudulent transfers, alleging badges of fraud and facts directly evidencing HDL's illegal and fraudulent scheme, and its use of the various transfers to perpetuate and |

|  |  |  | benefit from it. *See* Opp. ¶¶ 69-73, 76-78, 82, 86-90. |
|  |  | • The Liquidating Trustee's actual fraudulent conveyance claims fail because the Liquidating Trustee does not sufficiently allege HDL's fraudulent intent through badges of fraud or through the theory of dominion or control over HDL by the HDL Board of Directors and conspiracy with the BlueWave Defendants. BlueWave Defendants MTD at 11-16; BlueWave Defendants Reply at 4-6. | • The Liquidating Trustee sufficiently pleads the scienter requirement of actual intent as evidenced by enumerated badges of fraud, as well as through imputation of actual fraudulent intent of an officer or director to the Debtors, conspiring with BlueWave, Dent and Johnson. *See* Opp. ¶¶ 76-78, 82, 96-98. |
|  |  | • The Liquidating Trustee's actual fraudulent conveyance claims under South Carolina law found in Counts 9 and 45 fail because the Omnibus Complaint does not include an allegation that the Debtors' fraudulent intent is imputable to the BlueWave Defendants. Bluewave Defendants MTD at 16-17; BlueWave Defendants Reply at 6. | • The Omnibus Complaint contains allegations that the BlueWave Defendants and HDL shared the actual intent of defrauding HDL's creditors. *See* Opp. ¶¶ 96-97. |
|  |  | • The Liquidating Trustee's constructive fraudulent conveyance claims fail under Section 548 because the Omnibus Complaint establishes that BlueWave received payments in exchange for reasonably equivalent value. BlueWave Defendants MTD at 17-19. | • The Liquidating Trustee properly pleads that with regard to each category of avoidable transfers, the Debtors received less than reasonably equivalent value, and through his allegations, the Liquidating Trustee has pled viable claims for avoidance under Section 548. *See* Opp. ¶¶ 101-104. |

| | | |
|---|---|---|
| | • The Liquidating Trustee's constructive fraudulent conveyance claims fail under Virginia law because HDL made payments to BlueWave in exchange for consideration deemed valuable in law. BlueWave Defendants MTD at 19-20; BlueWave Defendants Reply at 6-7. | • The Omnibus Complaint alleges that the transfers were not done in exchange for consideration deemed valuable in law. *See* Opp. ¶¶ 113-114. The existence or absence of any value exchanged is a question of fact for discovery. *Id.* |
| | • The Liquidating Trustee's avoidance actions in Counts 1, 5-7, 9, 11-12, 37, 41-43, 45, and 49-50 fail because he has not alleged the existence of any actual creditor holding a valid claim under Section 544(b)(1). BlueWave Defendants MTD at 20. | • The Liquidating Trustee has alleged the existence of the $94 million claim of the DOJ, which is based on HDL's liability for conduct dating back to November 25, 2008. *See* Opp. ¶ 90. |
| | • The Liquidating Trustee's preference actions do not plead the essential elements such as existence of an antecedent debt and insider status. BlueWave Defendants MTD at 21-24; BlueWave Defendants Reply at 12-13. The Liquidating Trustee does not allege in the Omnibus Complaint that the BlueWave Defendants are non-statutory insiders. BlueWave Defendants Reply at 13-14. | • The Omnibus Complaint, together with Exhibits D and E, plausibly alleges all of the facts required to state a cause of action for recovery under Section 547(b). *See* Opp. ¶¶ 129-139. The definition of "insider" in Section 101(31) is non-exhaustive and encompasses "insiders" that are "non-statutory." *Id.* at ¶ 136. |
| | • Claims in Counts 55, 58-60, 66-70, 72 and 73 should be dismissed because they include assertions pertaining to unnamed assigning creditors and are deficient pursuant to Rules 8 and 9(b) of the Federal Rules of Civil Procedure. BlueWave Defendants MTD at 24; BlueWave Defendants Reply at 7-9. The | • The Omnibus Complaint complies with the requirements of Rules 8 and 9.  See Opp. ¶¶ 10-31. The identity of the Assigning Creditors can be readily ascertained from the Plan and related pleadings. Id. ¶ 26. |

| | |
|---|---|
| documentation presented as to the list of Assigning Creditors is inconsistent in that the Tabulation of Ballots identifies 41 Assigning Creditors, the Omnibus Complaint identifies 30, and the updated list filed with the quarterly report identifies 22 Assigning Creditors. BlueWave Defendants Reply at 8, fn.8. Because the Complaint contains no factual information about the 30 Assigning Creditors, it is impossible to ascertain which state's law is controlling. BlueWave Defendants Reply at 9-10. | |
| • The claims for statutory business conspiracy and tortious interference fail because they are not pled with requisite level of particularity under Virginia law. BlueWave Defendants MTD at 25-26; BlueWave Defendants Reply at 11-12. | • The Omnibus Complaint sufficiently states claims for tortious interference, as well as conspiracy and violation of the Virginia Business Conspiracy Act. *See* Opp. ¶¶ 160-167, 168-177. |
| • It is insufficient to incorporate by reference pleadings from separate cases such as in Count 71 because such incorporation violates Rules 8 and 10 of the Federal Rules of Civil Procedure. BlueWave Defendants MTD at 30-31; BlueWave Defendants Reply at 2. | • The incorporation is permissible pursuant to Aetna's absolute and unconditional assignment of the right to pursue the Aetna Litigation to the Trust. *See* Opp. ¶ 24. |
| • Counts 5-10, 12, 42-46, 49-50, 73 should fail because they do not allege any facts that could allow each BlueWave Defendant to determine any connection between them and any particular state. BlueWave Defendants MTD at 31-32. | • In each of the counts challenged, the Liquidating Trustee alleges the Movants were initial, immediate and/or mediate transferees of the transferred funds. *See* Opp. ¶ 94. The exact movements of funds will be ascertained through discovery. *Id.* |

11

| | | • The Liquidating Trustee's common law and statutory conspiracy claims (Counts 59, 60, 72, 73) are barred by the applicable statutes of limitations. BlueWave Defendants MTD at 33-35; BlueWave Defendants Reply at 10-11. | • The Movants' affirmative defense is premature. *See* Opp. ¶ 189. A limitations period cannot be applied in this case until the nature and timing of the transactions are clarified and it is determined whether there existed a unified fraudulent scheme or whether the statutory period was tolled. *See* Opp. ¶¶ 188-196. Defendants rely on irrelevant authority regarding application of the Virginia statute of limitations to claims under other states' laws, and thus fail to apply the correct states' statutes of limitation. |
|---|---|---|---|
| MTD Dkt No. 106<br><br>Reply Dkt No. 266 | G. Russell Warnick ("**Warnick**") | • The Omnibus Complaint does not satisfy the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Warnick MTD at 8-9; Warnick Reply at 3.<br><br>• The Liquidating Trustee fails to allege the identity of the various Assigning Creditors and Counts 67-70, 72-73 should be dismissed. Warnick MTD at 9-10; Warnick Reply at 3-6. The various extra-pleading documents do not cure this pleading defect. Warnick Reply at 5.<br><br>• The Liquidating Trustee fails to allege with particularity any act of fraud or conspiratorial act committed by Warnick as required by Rule 9(b) of the Federal Rules of Civil Procedure. Warnick MTD at 10-15; Warnick Reply at 6-12. The Liquidating Trustee is intimately familiar | • The Omnibus Complaint satisfies Rule 8 and is necessarily lengthy and complex due to the systemic and multifarious nature of HDL's fraudulent scheme. *See* Opp. ¶¶ 10-20.<br><br>• The identity of the Assigning Creditors can be readily ascertained from the Plan and related pleadings. *See* Opp. ¶ 26.<br><br>• Rule 9 standard is different for third parties such as estate representatives, and the Omnibus Complaint complies with the standard applicable to the Liquidating Trustee. *See* Opp. ¶¶ 21-31. |

| | | | |
|---|---|---|---|
| | | with HDL and its business practices such that there is no justification for relaxing the Rule 9(b) standards here. Warnick Reply at 9-11. For this reason, statutory business conspiracy counts should be dismissed as well. Reply at 11-12. | |
| | | • The Liquidating Trustee engages in impermissible group pleading such that Counts 60, 67, 68, 71 and 73 should be dismissed. Warnick MTD at 15-16. | • The Liquidating Trustee has complied with requirements of Rules 8 and 9. The Movant applies a wrong standard to the Liquidating Trustee. *See* Opp. ¶¶ 10-20, 21-31. |
| | | • The Liquidating Trustee lacks standing to assert personal injury claims as assignee of the Assigning Creditors under Virginia law as to Counts 53-54, 63-64, 67-68, 71, because the Assigning Creditors could not have validly assigned those claims to the Liquidating Trustee. Warnick MTD at 17. | • The Liquidating Trustee has standing to assert claims of Assigning Creditors pursuant to the unconditional assignment of their claims to the Trust and *In re Bogdan*, 414 F.3d 507 (4th Cir. 2005). *See* Opp. ¶¶ 57-64. The Assignment Agreements are governed by New York law. *Id.* |
| | | • The Liquidating Trustee does not state a viable claim for relief for tortious interference (Counts 69-71) under Virginia law, as the Omnibus Complaint lacks facts suggesting there was specific contract or business expectancy, requisite intent, a competitive relationship between Warnick and Assigning Creditors, and the fact that Warnick contacted – directly or indirectly – any source of any Assigning Creditors' future business expectancy. Warnick MTD at 17-24. Warnick Reply at 13-16. Choice-of-law with regards to tort claims does not matter, as the tort | • The allegations in the Omnibus Complaint adequately plead causes of action for tortious interference under Virginia law, Pennsylvania law and Connecticut law, including the critical role Movants played in the fraudulent scheme that interfered with contracts of Assigning Creditors. *See* Opp. ¶¶ 168-177. Virginia statute of limitations do not apply to claims under other states' laws, and Warnick had thus not shown that the claims are time-barred on the face of the complaint. |

| | | claims Warnick moves to dismiss fail to state a claim under any applicable state law. Warnick Reply at 12-13. Claims are also time-barred under Virginia's 5-year statute of limitations.  Warnick MTD at 34. | |
|---|---|---|---|
| | | • The Liquidating Trustee does not state viable claims for relief for assumpsit (Count 65) and unjust enrichment (Count 66), because (1) Warnick's executive compensation was established and paid pursuant to the terms of an express written employment agreement between Warnick and HDL, (2)  the Liquidating Trustee fails to allege that the Assigning Creditors conferred a benefit on Warnick, and (3) the Omnibus Complaint does not include facts that Warnick should have reasonably expected to repay the Debtors and/or Assigning Creditors. Warnick MTD at 24-27; Warnick Reply at 16-17. | • The Liquidating Trustee has met his pleading obligations with respect to Counts 65 and 66, and has sufficiently pled the details of all transfers. *See* Opp. ¶¶ 143-155. |
| | | • The Liquidating Trustee's avoidance claims under Virginia Code § 55-80 fail because no facts are alleged suggesting that HDL had notice of any potential claim against it by a creditor. Warnick MTD at 27-28; Warnick Reply at 18-19. To the extent the Liquidating Trustee is arguing the DOJ Settlement provided notice to HDL of a specific claim against it, that argument saves only transfers made after April 9, 2015. Warnick Reply at 19. | • Claims for avoidance of fraudulent transfers under Virginia Code §55-80 are sufficient. The Liquidating Trustee alleges the existence of a $94 million claim of the DOJ, which is based on HDL's liability for conduct dating back to November 25, 2008. *See* Opp. ¶¶ 84-98. |

| | |
|---|---|
| • Virginia does not recognize an independent common law claim for corporate waste (Count 62). Warnick MTD at 28; Warnick Reply at 17. In *LandAmerica*, this Court recognized that a separate claim for corporate waste fails. Warnick Reply at 18. | • Corporate Waste is not precluded by Virginia law. *See* Opp. ¶¶ 156-159. This Court found that a trustee's corporate waste claim, while not previously recognized by a Virginia court, was akin to the Trustee's claim for breach of fiduciary duty and could arise under the context of a Virginia Code § 13.1-692 (unlawful distribution) violation or its common law counterpart. *Id.* |
| • The Omnibus Complaint is time-barred as to claims for breach of fiduciary duty (Counts 53-54), unlawful distribution (Count 61), insider compensation (Count 20), tortious interference (Counts 69-71), and conspiracy (Counts 59-60, 71). Warnick MTD at 28-36. The Liquidating Trustee's assertions regarding tolling are either insufficient to trigger tolling or have no basis in Virginia law. Warnick Reply at 20-24. | • The affirmative defense of statute of limitations is premature. *See* Opp. ¶ 189. A limitations period cannot be applied until the nature and timing of the transactions are clarified and it is determined whether there existed a unified fraudulent scheme or whether the statutory period was tolled. *See* Opp. ¶¶ 188-196. Tolling periods are established by binding Fourth Circuit precedent that this Court does not have discretion to ignore. |
| • Count 20 (fraudulent transfer of insider compensation) is time-barred by Washington State's one-year statute of limitations. Warnick MTD at 33-34. | • Count 20 is also pled under Minnesota law. Even if Washington law applied, some transfers are within 1 year, and would be subject to discovery and adverse domination rules. Warnick's argument also contradicts his later argument (Reply, at 22 n.10) that Virginia statutes of limitation – here, 2 years – to claims under other states' laws. |

| MTD Dkt No. 108 Reply Dkt No. 264 | LaTonya S. Mallory ("**Mallory**") | • HDL's Articles of Incorporation included a provision limiting liability for its officers and directors in actions brought by or on behalf of HDL, pursuant to Va. Code § 13.1-692.1(A)(1), which exculpates claims in Counts 53-54, 56-57 and 61-64. Mallory MTD at 18-20; Mallory Reply at 1-2. The allegation of willful misconduct relating to HDL's billing does not taint every HDL business judgment. Mallory Reply at 1-2. | • Mallory's willful misconduct defeats any limitation of liability provision in the Articles of Incorporation. *See* Opp. ¶¶ 198-202. |
| | | • There is no independent cause of action for corporate waste in Virginia. Mallory MTD at 20; Mallory Reply at 2-3. This Court relied upon the *In re James River Coal Co.* decision in dismissing the waste claim in *LandAmerica*. Mallory Reply at 3. | • Corporate Waste is not precluded by Virginia law and has been upheld in *In re James River Coal Co*. *See* Opp. ¶¶ 156-159. |
| | | • Negligence and gross negligence are not measures of D&O conduct in Virginia. Mallory MTD at 20-21; Mallory Reply at 3. | • Conduct outside of the scope of a role as director is subject to common law duties. *See* Opp. ¶¶ 203-210. |
| | | • Va. Code § 13.1-690 bars certain claims in Counts 53-57 and 59-64 against Mallory as a director of HDL. Mallory MTD at 22-23; Mallory Reply at 3-5. | • Conduct occurred outside of the scope of duties as a director and common law duties of loyalty control. *See* Opp. ¶¶ 203-210. |
| | | • Elements of assumpsit and unjust enrichment are not properly alleged. Mallory MTD at 23-24; Mallory Reply at 5-7. Neither an express contract nor implied promise of Mallory to repay money she received is alleged. Mallory | • The allegations of the Omnibus Complaint are more than sufficient to show the Movants are in possession of money, which in equity and good conscience, does not belong to them. *See* Opp. ¶¶ 143-155. Liquidating |

| | | |
|---|---|---|
| | | MTD at 23-24; Mallory Reply at 6. Mallory obtained payments from HDL pursuant to employment and shareholder agreements. Mallory MTD at 24, fn.9; Mallory Reply at 7. | Trustee's allegations in the Omnibus Complaint are sufficient to notify the Movants, despite their apparent refusal to look for themselves, of each benefit conferred, the basis of the Movants' knowledge, expectation of repayment, and retention of the same without value. *Id*. |
| | • Count 61 (Unlawful Distributions) should be dismissed because there is no allegation that Mallory had actual notice of any claims of creditors, including the United States, when the distributions were made. Mallory MTD at 25; Mallory Reply at 7-8. | • Actual notice is not an element, but if it is, actual notice is adequately pled. *See* Opp. ¶¶ 184-187. |
| | • Counts 19 and 20 do not comply with Rules 8 or 9 of the Federal Rules of Civil Procedure in that Mallory is unable to identify which, if any, transfers made to Mallory were sent to Minnesota or Washington and are subject to the laws of those states. Mallory MTD at 25-26; Mallory Reply at 8-9. | • The Complaint complies in all respects with Rules 8 and 9. *See* Opp. ¶¶ 10-20, 21-31. |
| | • Counts 67 and 68, alleging common law and constructive fraud, fail to comply with the particularity requirements of Rule 9 of the Federal Rules of Civil Procedure. Mallory MTD at 26-28; Mallory Reply at 9-11. | • All allegations of fraud contain the necessary levels of particularity to survive a Rule 12 motion. *See* Opp. ¶¶ 10-20. |
| | • Counts 59-60 and 72-73 fail to allege common law and statutory conspiracy under Virginia law, such as requisite | • All allegations of conspiracy are sufficient to survive a Rule 12 motion. *See* Opp. ¶¶ 160-167. |

concert of action and agreement to effectuate a preconceived plan. Mallory MTD at 28-30; Mallory Reply at 11-14. Counts 60 and 73 should also be dismissed because the Liquidating Trustee failed to allege legal malice or purposeful injury to HDL. Mallory MTD at 30; Mallory Reply at 13.

- Counts 69 and 70 fail to allege the requisite elements of tortious interference, such as identification of the HCPs and Assigning Creditors, knowledge of a specific contract or expectancy, facts as to interference or breach of contract, and a competitive relationship between the party interfered with and the interferor. Mallory MTD at 30-32; Mallory Reply at 14-16.

- Either Count 71 or the Aetna lawsuit should be dismissed as duplicative. Mallory MTD at 32; Mallory Reply at 16.

- Claims in Counts 1-2, 13-14, 53-57, 61, 65-66 are time barred. Mallory MTD at 33-36; Mallory Reply at 16-21.

- Under the various likely applicable state laws that apply, each element of tortious interference is adequately plead, each Assigning Creditor is readily ascertainable and the expectancy, interference and relationships are all apparent in the pleadings. *See* Opp. ¶¶ 168-177.

- Dismissal is not the appropriate remedy, and Mallory already has a stay of the Aetna lawsuit. *See* Opp. ¶ 159.

- The affirmative defense of statute of limitations is premature. *See* Opp. ¶ 189. A limitations period cannot be applied until the nature and timing of the transactions are clarified and it is determined whether there existed a unified fraudulent scheme or whether the statutory period was tolled. *See* Opp. ¶¶ 188-196. Even if not tolled, many transfers are within the limitations periods and thus the causes

| | | | |
|---|---|---|---|
| | | | of action are valid. Earlier transfers are subject to other causes of action. |
| | | • Counts 53-55, 59-60 and 62-64 assert claims against Mallory for acts of Directors and Officers after she left HDL. Mallory MTD at 33-36; Mallory Reply at 21. | • Mallory still qualifies as an insider. *See* Opp. ¶¶ 99-110 and 135-139. |
| | | • Count 52, seeking to avoid preferential transfers to insiders, should be dismissed as to Mallory because she was not an insider at all times. Mallory MTD at 36-37. The Liquidating Trustee fails to meet his own standard for a former director and/or officer of a debtor because none of the allegations he cites in support mentions anything about the closeness of Mallory and HDL after she departed the company. Mallory Reply at 22. | • Mallory qualifies as a "non-statutory" insider for the period of time after she left HDL. *See* Opp. ¶ 136. |
| | | • Counts 6, 14, 21, and 35-36 fail because Mallory provided the requisite value in exchange for the transfers under Virginia law, as well as Section 548 of the Bankruptcy Code. Mallory MTD at 37-40; Mallory Reply at 24. | • Mallory's contentions are factual ones and not appropriate for Rule 12 consideration. The Omnibus Complaint alleges value was not provided in exchange. *See* Opp. ¶¶ 82, 99-110. |
| MTD Dkt No. 111 | Karl F. Warnick and Kristan Warnick as Trustees of the Warnick Family 2012 Irrevocable Trust, The Warnick Family LLC and Warnick | • Legal standard for Movant's Motion under Rule 12(b)(6) of Federal Rules of Civil Procedure is the plausibility standard articulated in *Twombly* and *Iqbal*. Warnick Transferee Defendants MTD at 8-9; Warnick Transferee Defendants Reply at 2-3. | • A party seeking to short-circuit a claim via Rule 12(b)(6) of the Federal Rules of Civil Procedure has the burden of proving that the factual allegations in the complaint do not state a claim for relief. *See* Opp. ¶ 8. |

| Reply Dkt No. 256 | Management, LLC (**Warnick Transferee Defendants**") | • The Liquidating Trustee does not specifically identify the amounts, time and circumstances under which funds were transferred to the Warnick Family LLC and Warnick Mangement, LLC, and simply makes a conclusory statement that these defendants are immediate or mediate transferees. Warnick Transferee Defendants MTD at 9-10. The Omnibus Complaint contains no facts that would support the conclusion that funds received by either LLC Defendant can be traced to avoidable transfers. Warnick Transferee Defendants Reply at 7-8. | • The Liquidating Trustee's allegations are sufficient given that the Liquidating Trustee has limited access to transfer information without discovery. *See* Opp. ¶ 75. |
|---|---|---|---|
| | | • G. Russell Warnick is not a trustee of the Warnick Family 2012 Irrevocable Trust according to a copy of the trust document attached to the Warnick Transferee Defendants' Motion to Dismiss. Warnick Transferee Defendants MTD at 10-11; Warnick Transferee Defendants Reply at 4-5. | • G. Russell Warnick may be deemed an equitable owner of the Warnick Trust such that the unity of interest and ownership requirement for purposes of alter ego liability is still satisfied. *See* Opp. ¶ 236. |
| | | • The Omnibus Complaint does not provide factual support to the assertion that money was transferred to the Movants under the implied promise of repayment such that Counts 65 and 66 fail. Warnick Transferee Defendants MTD at 11-12; Warnick Transferee Defendants Reply at 8-10. | • The Liquidating Trustee's allegations in the Omnibus Complaint are sufficient to notify the Movants, despite their apparent refusal to look for themselves, of each benefit conferred, the basis of the Movants' knowledge, expectation of repayment, and retention of the same without value. *See* Opp. ¶¶ 143-155. |
| | | • The Omnibus Complaint does not provide any factual support to the allegation that R. Russell Warnick owned, controlled | • The Omnibus Complaint provides sufficient factual allegations of ownership, control and/or domination |

| | | | |
|---|---|---|---|
| | | and/or dominated and influenced the activities of the Warnick Family 2012 Irrevocable Trust. Warnick Transferee Defendants MTD at 12; Warnick Transferee Defendants Reply at 4-7. | by R. Russell Warnick upon the activities of the Warnick Trust. *See* Opp. ¶ 235. G. Russell Warnick may be deemed an equitable owner of the Warnick Trust such that the unity of interest and ownership requirement for purposes of alter ego liability is still satisfied. *Id.* ¶ 236. |
| | | • The Court does not have subject matter jurisdiction over assumpsit and unjust enrichment claims in Counts 65 and 66. Warnick Transferee Defendants MTD at 12-15. | • The Court has subject matter jurisdiction over the assumpsit and unjust enrichment counts because there is a "close nexus" of these claims to the Cases and the Plan. *See* Opp. ¶¶ 32-45. |
| MTD Dkt No. 115<br><br>Reply Dkt No. 265 | Janet Mallory Curtin as Trustee of the LaTonya Mallory 2012 Irrevocable Trust ("**Mallory Transferee Defendants**") | • A pleading should contain a short and plain statement of the claim showing that the pleader is entitled to relief pursuant to the standards articulated in *Twombly* and *Iqbal*. Mallory Transferee Defendants MTD at 5-6. The Liquidating Trustee relies on an incorrect legal standard for Rule 12(b)(6) motions. Mallory Transferee Defendants Reply at 2-3. | • A party seeking to short-circuit a claim via Rule 12(b)(6) of the Federal Rules of Civil Procedure has the burden of proving that the factual allegations in the complaint do not state a claim for relief. *See* Opp. ¶ 8. |
| | | • Claims for avoidance of transfers in Counts 1-22 fail because there are no factual allegations that support imposition of liability against Mallory Trust as an alter ego of Mallory. Mallory Transferee Defendants MTD at 6-11. Mallory Transferee Defendants Reply at 6. Additionally, neither a trust nor an individual can be an alter ego of another individual. Mallory Transferee Defendants MTD at 6-8. | • Alter ego is sufficiently pled and applies to corporations as well as trusts. *See* Opp. ¶¶ 230-237. |

| | | | |
|---|---|---|---|
| | | • There are insufficient factual allegations for the Complaint to state a cause of action for recharacterization of February 4, 2014 Note debt to equity. Mallory Transferee Defendants MTD at 11-16. Mallory Transferee Defendants Reply at 8. Count 34 fails because neither of the Mallory Transferee Defendants has a "claim" against the estate, and therefore, recharacterization is not applicable. Mallory Transferee Defendants Reply at 3-5. | • Argument is premature since recharacterization is a fact-dependent inquiry that varies case-to-case, and the allegations are sufficient to state a claim. *See* Opp. ¶¶ 221-222. |
| | | • If the February 4, 2014 Note is not recharacterized as an equity contribution, then the Mallory Payment is merely the repayment of funds received by HDL, whereby the fraudulent transfer claims under 11 U.S.C. §§ 548 and 550, as well as 544 and applicable state law in Counts 35 and 36 fail. Mallory Transferee Defendants MTD at 16. | • Argument is a question of fact and inappropriate at a Rule 12 stage. *See* Opp. ¶ 115. |
| | | • Claims for avoidance of transfers in Counts 1 and 2 are time-barred. Mallory Transferee Defendants MTD at 16-17. Mallory Transferee Defendants Reply at 8-9 (adding that Counts 35 and 36 are time-barred as well). Two-year lookback provision of Section 548 is not a statute of limitations, but rather a substantive statutory element that cannot be equitably tolled. Mallory Transferee Defendants Reply at 9. | • Many transfers are within the two-year period and thus the cause of action is valid.  Earlier transfers are subject to other causes of action. |

| | | |
|---|---|---|
| | | • Preference claims in Counts 51 and 52 fail because there are no factual allegations that the Mallory Trust received any payments during the relevant period or that the Mallory Trust is an initial, mediate or immediate transferee of the alleged preferential payments. Mallory Transferee Defendants MTD at 17-19. Mallory Transferee Defendants Reply at 7 (also stating same argument applies to Counts 1-22). | • Allegations are sufficiently pled to establish the transfers. *See* Opp. ¶ 133. |
| | • Claims for avoidance of transfers in Counts 7-12, 19 and 20 fail, as there are no allegations that the Mallory Trust acted outside of the Commonwealth of Virginia because there are no allegations that the Mallory Trust held or maintained any bank account outside of Virginia or did business outside of Virginia. Mallory Transferee Defendants MTD at 19-20. Mallory Transferee Defendants Reply at 7-8. | • Each count contains allegations with regards to out-of-state transfers, despite arguments to the contrary. *See* Opp. ¶ 94. |
| | • Claims for avoidance of transfers in Counts 13-22 fail because there are no allegations that the Mallory Trust ever received any of the D&O Compensation or the Mallory Separation Amount. Likewise, liability under these counts cannot be imposed on the basis of the alter ego theory because there are no factual allegations that support the imposition of liability against the Mallory trust as an alter ego of Mallory. Mallory Transferee Defendants MTD at 20. | • The Omnibus Complaint contains allegations that the Mallory Trust received the transfers. *See* Opp. ¶ 95. The alter ego theory is properly supported with sufficient facts. *See* Opp. ¶¶ 231-237. |

| | | | |
|---|---|---|---|
| | | • The assumpsit claim in Count 65 is inapplicable to the Mallory Trust, as the Liquidating Trustee does not allege that the Mallory Trust expressly or implicitly made a promise to pay anything to the Debtors. Mallory Transferee Defendants MTD at 21.<br><br>• The Liquidating Trustee does not state a cause of action for unjust enrichment against the Mallory Trust because there is no factual support of the unjust enrichment elements. Mallory Transferee Defendants MTD at 22. | • The express or implicit promises are properly alleged despite argument to the contrary and include, *inter alia*, the implicit promise to repay the fruits of an illegal enterprise. *See* Opp. ¶¶ 145, 147-155.<br><br>• Allegations of unjust enrichment are sufficiently pled and include, *inter alia*, all payments made to the Mallory Trust (or transferred to it) from the illegal HDL scheme. *See* Opp. ¶¶ 145, 147-155. |
| MTD Dkt No. 179<br><br>Reply Dkt No. 250 | Tipton Golias, Joseph Golias, Donald Golias, Karla Falgout, Tipton Golias as Trustee of the Wyndell L. Golias Voting Trust, Robert S. Galen, Noel D. Bartlett, Jr., Eric Petersen, David Mayes, John Tessler, Pamela Oates (collectively, "**Golias Defendants**") | • The $36.6 million that HDL paid to the Golias shareholders to satisfy the pass-through tax liability cannot be fraudulent transfers because it was made in exchange for reasonably equivalent value. Golias Defendants MTD at 8-17; Golias Defendants Reply at 1-2. Cases cited by the Liquidating Trustee are inapplicable. Golias Defendants Reply at 2-4. HDL was solvent at the time of the tax distributions, which were made pursuant to the Shareholders Agreement and cannot be recovered on a theory of actual fraud because they were taken in good faith. Golias Defendants Reply at 4-6.<br><br>• The $23.5 million in shareholder distributions in December 2012 cannot be avoided under a theory of constructive | • Good faith defense is not available where HDL's illegal business practices generated the very funds used to make the tax distributions. *See* Opp. ¶ 105. Courts have rejected the reasonably equivalent value theory advanced by the Movants, as Bankruptcy Code's specific definition of "value" does not include "checking the box" in a Shareholders Agreement. *Id.* ¶¶ 106-107. Section 12(b) of the Shareholders Agreement contains an exception to the distribution obligation when such distributions are made in violation of applicable law, such as when a company's liabilities exceed its assets. *Id.* ¶¶ 108.<br><br>• Challenges to the avoidance claims involving questions of fact, such as HDL's insolvency and reasonably |

| | | |
|---|---|---|
| | | fraud because the Liquidating Trustee's theory of retroactive insolvency fails. Golias Defendants MTD at 17-20; Golias Defendants Reply at 6-7. The Court must assess solvency by considering other undisputed aspects of the record such as the timeline of the issuance of the DOJ subpoena and OIG's Special Fraud Alert, ability to secure loans in 2015 and HDL's solvency representation in its settlement with DOJ. Golias Defendants Reply at 8. The Liquidating Trustee's insolvency theory is based solely on hindsight. Golias Defendants Reply at 9-12. | equivalent value are improper factual challenges in a Rule 12(b)(6) motion. *See* Opp. ¶¶ 99-105. HDL's insolvency is sufficiently pled nevertheless. *Id.* ¶ 46-56. Contingent liabilities are required by law to be considered as part of a solvency calculation; Defendants' authorities do not stand for the proposition he asserts. |
| | | • The $23.5 million in shareholder distributions in December 2012 cannot be avoided under a theory of actual fraud because there is no direct evidence of fraudulent intent, and the enumerated badges of fraud are insufficient to infer fraudulent intent. Golias Defendants MTD at 17-20; Golias Defendants Reply at 12-14. | • The evidence of actual fraud is explicitly alleged, as are the badges of fraud, which are more than sufficient to overrule the Rule 12 motion. *See* Opp. ¶¶ 71-83. |
| | | • The Liquidating Trustee cannot avoid the $7.3 million loan repayment to Tipton Golias because the claims are time-barred under every source of law, except for the FDCPA, which the Liquidating Trustee cannot use. Golias Defendants MTD at 20-24; Golias Defendants Reply at 14-18. | • Even assuming Defendant cites the correct statute of limitations, he applied it to the wrong filing date to calculate the statute of limitations cutoff; the transfer is within that statute of limitations. Defendant also relies on irrelevant authority regarding application of the Virginia statute of limitations and thus applies the wrong states' law. The Liquidating Trustee has standing to use the FDCPA as |

| | | | applicable law under Section 544(b) by stepping into the shoes of the DOJ. *Id.* ¶¶ 123-128. |
|---|---|---|---|
| MTD Dkt No. 196

Reply Dkt No. 249 | Galen Associates, Inc. and Helena Laboratories Corporation (collectively, "**Helena**") | • The Omnibus Complaint does not comply with the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and is a "shotgun pleading." Helena MTD at 5-6.

• Counts 51 and 52 fail to state a claim for avoidance of preferences, as they consist of mere recitations of elements of 11 U.S.C. § 547 such as that the transfers to the Movants were for or on account of antecedent debt. Helena MTD at 6-8; Helena Reply at 1. The Liquidating Trustee has conceded this argument and abandoned the claims in Counts 51 and 52. Helena Reply at 1.

• Claim for avoidance of insider preferences against Galen Associates fail because no transfers were made to Galen Associates and because Galen Associates is not an insider of the Debtors. Helena MTD at 7; Helena Reply at 1. The Liquidating Trustee does not properly plead that Galen Associates was an insider. Helena Reply at 2-4. The Opposition ignores and fails to address these arguments, whereby abandoning them. Helena Reply at 1. | • The Omnibus Complaint satisfies Rule 8 and is necessarily lengthy and complex due to the systemic and multifarious nature of HDL's fraudulent scheme. *See* Opp. ¶¶ 10-20.

• Sufficient allegations are pled with regard to each of the Section 547(b) elements. *See* Opp. ¶¶ 129-139. The Omnibus Complaints further sufficiently alleges that under Section 550, the Liquidating Trustee may recover the transferred payments from the Movants as the initial, immediate and/or mediate transferees of the 90 Day and One Year Preferential Transfers in amounts to be proved at trial. *See* Opp. ¶¶ 130-133.

• Definition of "insider" in Section 101(31) is non-exhaustive and encompasses "insiders" that are "non-statutory." *See* Opp. ¶ 135. Complaint includes sufficient allegations of non-statutory insider status of the Movants and transfers to the Movants given the limited access to such information without discovery. *Id.* ¶¶ 135-137. |

| | | |
|---|---|---|
| | | • Assumpsit and unjust enrichment claims are duplicative under Virginia law. Helena MTD at 8.<br><br>• The Omnibus Complaint does not include an allegation that the transfers enumerated in Counts 65, 66 were directly or subsequently transferred to Helena. Helena MTD at 8-9; Helena Reply at 5. Allegations of subsequent transferee status are conclusory and fail the requirements of Rule 8. Helena Reply at 5-6. Assurance that additional details will be developed through discovery does not cure the deficiencies concerning the Movants. Helena Reply at 6.<br><br>• Count 75 (Objection to Proof of Claim) fails as to Helena for failure to adequately plead wrongdoing by Helena. Helena MTD at 9-10. Since the Liquidating Trustee's preference claims are subject to dismissal, Section 502(d) claim contingent on those claims must also be dismissed. Helena Reply at 7.<br><br>• Subordination of a claim is unwarranted because the Omnibus Complaint does not include allegations of inequitable conduct by Helena. Helena MTD at 10-11; Helena Reply at 7-8. | • Virginia Supreme Court has not abolished the assumpsit cause of action, which has been recognized as recently as 2008. *See* Opp. ¶ 154.<br><br>• The Liquidating Trustee adequately pleads that the Movants are in possession of money, which in equity and good conscience does not belong to them. Opp. ¶ 144. Allegations in the Omnibus Complaint are sufficient to notify the Movants, despite their apparent refusal to look for themselves, of each benefit conferred, the basis of the Movants' knowledge, expectation of repayment, and retention of the same without value. *Id.*<br><br>• Claims of a creditor who received an avoidable transfer must be disallowed until such transfer is relinquished for the benefit of the estate. *See* Opp. ¶¶ 211-214. Because the avoidance claims are sufficiently asserted, the disallowance is properly claimed as well. *Id.*<br><br>• Courts closely scrutinize the conduct of claimants who bear a close relationship to the debtor. *See* Opp. ¶¶ 215-222. |