IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HEALTH DIAGNOSTIC | ) | Chapter 11 |
| LABORATORY, INC., *et al.*, | ) | |
| | ) | Case No. 15-32919-KRH |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |
| | ) | |
| RICHARD ARROWSMITH, | ) | |
| LIQUIDATING TRUSTEE OF THE HDL | ) | |
| LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Bankr. Ct. Adv. Proc. No. 16-3271-KRH |
| v. | ) | |
| | ) | Dist. Ct. Case No. 3:17-cv-413-HEH |
| LATONYA S. MALLORY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
(Denying Motion to Withdraw the Reference)

THIS MATTER is before the Court on a Motion to Withdraw the Reference of this adversarial proceeding from the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court") to the District Court.[1] For the reasons that follow, the Court will deny the Motion.

---

[1] The Complaint asserts 76 causes of action against 103 named defendants. The instant Motion was filed by twenty-one of those defendants: BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, Robert Bradford Johnson, Lakelin Pines LLC, CAE Properties LLC, Blue Eagle Farm, LLC, Blue Eagle Farming LLC, Blue Smash Investments, LLC, Eagle Ray Investments LLC, Forse Investments, LLC, Forse Medical Inc., HJ Farming, LLC, War-Horse Properties, LLLP, Cobalt Healthcare Consultants Inc., Hisway of South Carolina, Inc., Royal

payments made by HDL to BlueWave[2] (collectively "Movants"). HDL's former directors, officers, and shareholders are also named as defendants but are not seeking to withdraw the reference.[3]

Forty-four counts of the Complaint implicate some or all of the Movants.[4] Twenty-eight of Plaintiff's claims against Movants seek to avoid HDL's fraudulent transfers of payments and obligations pursuant to Title 11 of the United States Code ("Bankruptcy Code"). The other counts include various statutory and common law causes of action such as fraud, conspiracy, and tortious interference with contracts and business expectancies.

Movants now seek to withdraw the reference and have this adversarial action—at least as it applies to them—litigated in the District Court rather than the Bankruptcy Court.

## II. DISCUSSION

Federal district courts have original jurisdiction over all bankruptcy matters. 28 U.S.C. § 1334. However, Congress has provided that a district court may refer its bankruptcy proceedings to a bankruptcy judge for adjudication. 28 U.S.C. § 157(a). Accordingly, by standing order issued on August 15, 1984, this Court automatically

---

[2] The Complaint names fifty defendants who were allegedly transferees of HDL payments. Eighteen of these defendants have joined the Motion to withdraw the reference. The other thirty-two, who appear to be unaffiliated with Dent and Johnson, have not.

[3] Another group of defendants includes individual independent sales representatives contracted by BlueWave. Most of those individuals have also filed motions to withdraw the reference. Those motions will be addressed in a separate memorandum opinion and order.

[4] These include Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 55, 58, 59, 60, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76.

## I. BACKGROUND

Health Diagnostic Laboratory, Inc. ("HDL"), based in Richmond, Virginia, was a provider of specialized laboratory services to physicians and other healthcare providers throughout the United States. HDL and its affiliate companies (collectively "Debtors") filed for Chapter 11 bankruptcy in the Bankruptcy Court in June 2015. In May 2016, the Bankruptcy Court approved the Debtors' Second Amended Plan of Liquidation and appointed Plaintiff Richard Arrowsmith ("Plaintiff") as trustee of the liquidating trust.

On September 16, 2016, Plaintiff initiated this adversarial proceeding by filing a seventy-six count Complaint. The Complaint asserts that HDL and its business partners conspired to pursue a fraudulent and illegal business model. They allegedly paid illegal kickbacks to incentivize doctors to use HDL's services, unlawfully refused to accept copays to incentivize patients to agree to expensive and unnecessary laboratory tests, and paid unlawful sales commissions to third-party sales agents.

The Complaint names as defendants all of the participants in the alleged conspiracy. Those defendants include the current Movants: Floyd Calhoun Dent, III, and Robert Bradford Johnson; their company, BlueWave Healthcare Consultants, Inc. ("BlueWave"), which served as HDL's primary sales agent; and various entities controlled by Dent, Johnson, or their family members, which were transferees of

---

Blue Medical Inc., Aroc Enterprises LLC, Riverland Pines LLC, Crosspoint Properties LLC, Helm-Station Investments LLLP, and Trini "D" Island LLC.

refers all bankruptcy matters to the Bankruptcy Court. But the Bankruptcy Court's jurisdiction is limited. Thus, in certain situations a case's reference to the Bankruptcy Court may or must be withdrawn back to the District Court.

A district court must withdraw the reference where the "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In all other situations, withdrawal of the reference is discretionary and is permitted "for cause shown." *Id.* Movants bear the burden of demonstrating that they are entitled to either mandatory or discretionary withdrawal. *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 677 (E.D. Va. 2003).

In this case, Movants argue that some of the claims against them require mandatory withdrawal. They also contend that cause exists for the Court to grant discretionary withdrawal as to all the claims they face. However, the Court finds Movants' arguments unavailing and will deny their Motion in its entirety.

**a. Mandatory Withdrawal**

While withdrawal is mandatory when the Court must consider both bankruptcy law and "other laws of the United States," the Fourth Circuit has never addressed how that language should be applied. A majority of courts have determined "that § 157(d)'s [mandatory withdrawal] clause applies only when a proceeding requires 'substantial and material' consideration of non-bankruptcy federal law." *Eli Glob., LLC v. Univ. Directories, LLC*, 532 B.R. 249, 251 (M.D.N.C. 2015) (internal citations omitted). This Court reached a similar conclusion in *U.S. Airways Group*, holding that "an issue or

4

question of non-bankruptcy federal law must be essential or material to the disposition of the bankruptcy proceeding before withdrawal of the reference is mandated." 296 B.R. at 679.

The *U.S. Airways Group* Court expressly declined to address whether "the material non-bankruptcy federal law issue presented must be novel, difficult, or undecided in the circuit." *Id.* However, most courts have answered that question in the affirmative. Thus, "mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (concluding that withdrawal is not required merely because a case "involves the routine application of a non-Bankruptcy Code federal statute"). In the absence of Fourth Circuit precedent, this Court will adopt the same approach.

Movants contend that withdrawal of the reference is mandatory as to seven of the claims alleged against them. They argue that six of those claims—Counts 3, 4, 39, 40, 47, and 48—require withdrawal because they incorporate the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3301 *et seq.* ("FDCPA"). Additionally, they contend that Count 74 should be withdrawn because it requires application of the federal Anti-Kickback Statute, 42, U.S.C. § 1320a-7b ("AKS"). The Court finds, however, that withdrawal is not mandatory as to these seven claims because they do not require substantial or material consideration of non-bankruptcy federal law.

5

The claims involving the FDCPA seek to avoid property transfers and obligations incurred by the Debtors pursuant to 11 U.S.C. § 544(b). That provision permits a trustee to avoid such transfers and obligations that are "voidable under applicable law." *Id.* Accordingly, the Complaint seeks to use § 544(b) to avoid transfers and obligations that are allegedly fraudulent under the FDCPA, 28 U.S.C. § 3304.

Movants argue that these claims will require a determination of (1) whether the FDCPA constitutes "applicable law" under § 544(b) of the Bankruptcy Code, and (2) whether a bankruptcy trustee can step into the shoes of a federal creditor under the FDCPA. Movants contend that because these are unsettled issues on which courts have split, they must be considered by this Court and not the Bankruptcy Court.

The Court disagrees. The issues identified by Movants are questions of bankruptcy law, which the Bankruptcy Court is uniquely qualified to address. While this particular case will require the Bankruptcy Court to analyze those issues in the context of the FDCPA, the court will not need to give that statute the type of substantial and material consideration compelling withdrawal.

Likewise, the mere application of non-bankruptcy federal law is insufficient to require the withdrawal of Count 74. That claim alleges that the contract between HDL and BlueWave violated the AKS and is therefore invalid under Georgia law. However, resolution of Count 74 will not require an analysis of any significant or unresolved issues of federal law. Rather, all that is necessary is a straightforward application of the AKS to the facts of this case.

Therefore, Movants have failed to meet their burden of showing that these claims involve a substantial and material issue of non-bankruptcy federal law. Accordingly, withdrawal is not mandatory, but rests entirely in the Court's discretion.

### b. Discretionary Withdrawal

Even when withdrawal of the reference is not mandatory, § 157(d) permits a court to nonetheless withdraw the reference for cause shown. While "cause" is undefined in the statute, courts within the Fourth Circuit have consistently applied six factors in determining whether to grant discretionary withdrawal: "(i) whether the proceeding is core or non-core,[5] (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial." *In re QSM, LLC*, 453 B.R. 807, 809–10 (E.D. Va. 2011); *see also In re Peanut Corp. of Am.*, 407 B.R. 862, 865 (W.D. Va. 2009); *Vieira v. AGM, II, LLC*, 366 B.R. 532, 538 (D.S.C. 2007). No single factor is dispositive, rather "discretionary withdrawal of reference should be determined on a case-by-case basis by weighing all the factors presented in a particular case." *U.S. Airways Group*, 296 B.R. at 682.

---

[5] Pursuant to 28 U.S.C. § 157, bankruptcy courts have the authority to enter final orders and judgments in "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). The bankruptcy courts may also hear proceedings that are non-core if they are "otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). However, the bankruptcy court's jurisdiction in non-core proceedings is limited to submitting proposed findings of fact and conclusions of law to the district court for de novo review and entry of final order or judgment. *Id.*; *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014).

Movants assert that cause exists to withdraw the reference as to all forty-four counts alleged against them. However, the Court finds that the six factors for discretionary withdrawal overwhelmingly weigh in favor of denying the Motion. The Court will therefore decline to withdraw the reference to provide uniform administration of the bankruptcy proceedings and to preserve the parties' and judicial resources.

Movants' argument for discretionary withdrawal relies almost entirely on the first and last factors of the six-factor analytical framework. They contend, and Plaintiff appears to concede, that the majority of the claims against Movants are non-core and that at least some of the claims are ones to which Movants are entitled to a jury trial. The practical effect of either non-core claims or a jury right is that this Court will eventually need to hold a trial and enter final judgment.[6]

While these factors do appear to weigh in Movants' favor, neither the existence of non-core claims nor the requirement that a jury trial must be held in this Court means "that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial." *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993); *see also U.S. Airways Group*, 296 B.R. at 682 n.22. (dismissing the argument that the de novo review required for non-core claims is itself sufficient to justify withdrawal because it

---

[6] The Bankruptcy Court has the authority to conduct a jury trial pursuant to 28 U.S.C. § 157(e). However, the Bankruptcy Court may only do so with the District Court's authorization and the parties' consent. *Id.* Here, the Movants have withheld consent to a jury trial in the Bankruptcy Court.

"would lead to the nonsensical conclusion that all references should be withdrawn since all dispositive matters resolved by the bankruptcy court may be appealed to the district court"). So the question becomes whether, despite the existence of non-core claims and a right to a jury trial, it would be more economical and efficient for the Bankruptcy Court to oversee the litigation of these claims up until trial. The Court finds that it would.

Withdrawing the reference as to Movants at this stage of the litigation would result in a waste of judicial resources and would further complicate this already complex litigation. If the Court were to withdraw the reference, almost all of the claims at issue would be simultaneously litigated in both the District Court and Bankruptcy Court. Indeed, thirty-nine of the forty-four counts alleged against Movants also implicate non-movant Defendants. Moreover, all of the Complaint's allegations are interrelated, involving HDL's allegedly fraudulent business model. Movants are alleged to have played a key role perpetrating that fraud. Withdrawal of the reference as to Movants would result in the courts duplicating efforts for administration of discovery and disposition of pretrial motions—with potentially disparate results. Accordingly, factors two, three, and four weigh heavily in favor of denying the Motion to Withdraw the Reference.[7]

---

[7] The fifth factor, which considers the effect of forum shopping, is effectively neutral in this case and has minimal impact on the Court's analysis. Every motion to withdraw the reference necessarily contemplates the changing of forum. And certainly Movants believe they will receive some benefit by litigating in the District Court—even if only a more expeditious resolution of their claims—otherwise they would not have gone through the expense of filing the instant Motions. However, this is not the type of forum shopping that would prejudice Plaintiff in any way beyond uniformity and efficiency already addressed in the other factors.

Therefore, for the sake of judicial economy, efficient use of the parties' resources, and the uniform administration of the bankruptcy proceeding, the Court will decline to exercise its discretion to withdraw the reference.

### III. CONCLUSION

For the reasons stated above, Movants' Motion to Withdraw the Reference will be denied. The Court will direct the Bankruptcy Court to issue a Report and Recommendation at the conclusion of the pretrial phase of this adversarial proceeding. The Bankruptcy Court shall recommend whether any motions for summary judgment of non-core matters should be granted by the District Court and whether the reference should be withdrawn for trial by jury.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 19, 2017
Richmond, VA