**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200
Jesse N. Silverman (VSB No. 46456)
jsilverman@dilworthlaw.com
Joshua D. Wolson (*pro hac vice*)
jwolson@dilworthlaw.com
Jennifer L. Maleski (*pro hac vice*)
jmaleski@dilworthlaw.com

*Attorneys for Bluewave Healthcare Consultants, Inc., et al.*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## (RICHMOND DIVISION)

| | |
|---|---|
| In re:<br><br>HEALTH DIAGNOSTIC LABORATORY INC. *et. al.*,[1]<br><br>        Debtors. | Chapter 11<br>Case No. 15-32919 (KRH)<br>(Jointly Administered) |
| RICHARD ARROWSMITH, LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST,<br>        Plaintiff,<br><br>    vs.<br><br>G. RUSSELL WARNICK, LATONYA S. MALLORY, JOSEPH P. MCCONNELL, SATYANARAIN RANGARAJAN, ROBERT BRADFORD JOHNSON, FLOYD CALHOUN DENT, III, *et al.*,<br>        Defendants. | Adv. Proc. No. 16-03271 (KRH) |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc.  (0119), Central Medical Laboratory, LLC  (2728), and Integrated Health Leaders, LLC  (2434).

## SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants Bluewave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, Robert Bradford Johnson together with Lakelin Pines LLC, CAE Properties LLC, Blue Eagle Farm, LLC, Blue Eagle Farming LLC, Blue Smash Investments, LLC, Eagle Ray Investments LLC, Forse Investments, LLC, Forse Medical Inc., HJ Farming, LLC, War-Horse Properties, LLP, Cobalt Healthcare Consultants Inc., Hisway of South Carolina, Inc., Royal Blue Medical Inc., Aroc Enterprises LLC, Riverland Pines LLC, Crosspoint Properties LLC, Helm-Station Investments LLP, and Trini "D" Island LLC (the "Bluewave Defendants"), by counsel and pursuant to the Federal Rules of Civil Procedure, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure, state as follows for their Second Amended Answer and Affirmative Defenses in response to the Amended Complaint (Docket No. 375) brought by Plaintiff Richard Arrowsmith ("Plaintiff" or "Trustee"), as Liquidating Trustee of the HDL Liquidating Trust:

1.      As to Paragraph 1, admitted that Plaintiff has brought this action. Otherwise, denied.

2.      As to Paragraph 2, admitted that Floyd Calhoun Dent, III ("Dent") and Robert Bradford Johnson ("Johnson") are the co-founders of Bluewave Healthcare Consultants, Inc., ("Bluewave") and that they previously worked at Berkeley HeartLab, Inc. Otherwise, denied.

3.      The allegations of Paragraphs 3 through 9 are denied.

4.      The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, deny the allegations.

5.      The allegations of Paragraph 11 are denied.

120265217_2

6.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 12 through 16 and, therefore, deny the allegations.

7.     The allegations of Paragraph 17 are denied.

8.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 18 through 23 and, therefore, deny the allegations.

9.     The allegations of Paragraphs 24 are denied.

10.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, deny the allegations.

11.     The allegations of Paragraphs 26 and 27 are denied.

12.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 28 through 35 and, therefore, deny the allegations.

13.     In response to Paragraph 36, admitted that HDL filed a voluntary petition for chapter 11 relief. Otherwise, denied.

14.     The allegations of Paragraphs 37 through 43 are denied.

15.     No response is required to Paragraph 44.

16.     The allegations in Paragraph 45 are admitted.

17.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 46 through 63 and, therefore, deny the allegations.

18.     In response to Paragraph 64, admitted that Bluewave is a corporation formed under the laws of the State of Alabama. Otherwise denied.

19.     In response to Paragraph 65, admitted that Dent owned HDL stock as of the petition date and is a principal of Bluewave. Otherwise, denied.

20.     In response to Paragraph 66, admitted that Johnson owned HDL stock as of the petition date and is a principal of Bluewave. Otherwise, denied.

21.     In response to Paragraph 67, admitted that Dent and Johnson were principals of Bluewave. Otherwise, denied.

22.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 68 through 75 and, therefore, deny the allegations.

23.     No response is required to Paragraph 76.

24.     In response to Paragraph 77, admitted that Dent and Johnson owned HDL stock. Otherwise, the Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the remaining allegations.

25.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, deny the allegations.

26.     In response to Paragraph 79, admitted that HisWay of South Carolina, Inc. ("Hisway") is a corporation formed under the laws of the State of South Carolina. Otherwise, denied.

27.     In response to Paragraph 80, admitted that Royal Blue Medical, Inc. ("Royal Blue") is a corporation formed under the laws of the State of Alabama. Otherwise, denied.

120265217_2

28.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 81 through 112 and, therefore, deny the allegations.

29.     In response to Paragraph 113, admitted that Cobalt Healthcare Consultants, Inc. ("Cobalt") is a corporation formed under the laws of the State of Alabama. Otherwise, denied.

30.     In response to Paragraph 114, admitted that AROC Enterprises LLC ("AROC") is a South Carolina limited liability company. Otherwise, denied.

31.     In response to Paragraph 115, admitted that Riverland Pines LLC ("Riverland Pines") is a South Carolina limited liability company. Otherwise, denied.

32.     In response to Paragraph 116, admitted that Crosspoint Properties LLC ("Crosspoint") is a South Carolina limited liability company. Otherwise, denied.

33.     In response to Paragraph 117, admitted that Helm-Station Investments, LLLP ("Helm-Station") is a Nevada limited liability limited partnership. Otherwise, denied.

34.     In response to Paragraph 118, admitted that Lakelin Pines, LLC ("Lakelin Pines") is a South Carolina limited liability company. Otherwise, denied.

35.     In response to Paragraph 119, admitted that Trini "D" Island LLC ("Trini D") is a South Carolina limited liability company. Otherwise, denied.

36.     In response to Paragraph 120, admitted that CAE Properties LLC ("CAE") is a South Carolina limited liability company. Otherwise, denied.

37.     In response to Paragraph 121, admitted that Blue Eagle Farm, LLC ("Blue Eagle Farm") is an Alabama limited liability company. Otherwise, denied.

38.     In response to Paragraph 122, admitted that Blue Eagle Farming, LLC ("Blue Eagle Farming") is an Alabama limited liability company. Otherwise, denied.

5

39.     In response to Paragraph 123, admitted that Forse Medical, Inc. ("Forse Medical")

is a corporation formed under the laws of the State of Alabama. Otherwise, denied.

40.     In response to Paragraph 124, admitted that Forse Investments, LLC ("Forse

Investments") is an Alabama limited liability company. Otherwise, denied.

41.     In response to Paragraph 125, admitted that Eagle Ray Investments LLC ("Eagle

Ray") is an Alabama limited liability company. Otherwise, denied.

42.     In response to Paragraph 126, admitted that War-Horse Properties, LLLP ("War-

Horse") is a Nevada limited liability limited partnership. Otherwise, denied.

43.     In response to Paragraph 127, admitted that H J Farming, LLC ("H J Farming") is

an Alabama limited liability company. Otherwise, denied.

44.     In response to Paragraph 128, admitted that Blue Smash Investments, LLC ("Blue

Smash") is an Alabama limited liability company. Otherwise, denied.

45.     The Bluewave Defendants lack sufficient knowledge of information to form a

belief as to the truth of the allegations in Paragraphs 129 through 152 and, therefore, deny the

allegations.

46.     Paragraph 153 requires no response.

47.     The allegations of Paragraph 154 are denied.

48.     Paragraph 155 requires no response.

49.     The allegations of Paragraphs 156 through 158 are denied.

50.     Paragraph 159 requires no response.

51.     The allegations of Paragraph 160 are denied.

120265217_2

52.    The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 161 through 165 and, therefore, deny the allegations.

53.    In response to Paragraph 166, admitted that Johnson and Dent worked at Berkeley. Otherwise, denied.

54.    The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraph 167 and, therefore, deny the allegations.

55.    In response to Paragraph 168, admitted that Johnson and Dent are no longer employed by Berkeley and that Johnson and Dent founded Bluewave. Otherwise, denied.

56.    The allegations of Paragraph 169 are denied.

57.    Paragraphs 170 through 176 contain conclusions of law to which no response is required.

58.    The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 177 through 183 and, therefore, deny the allegations.

59.    As to the allegations of Paragraph 184, admitted that Plaintiff quotes an email of October 13, 2010, otherwise denied.

60.    The allegations of Paragraph 185 are denied.

61.    The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraph 186 and, therefore, deny the allegations.

62.    The allegations of Paragraph 187 are denied.

63.    The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraph 188 and, therefore, deny the allegations.

120265217_2

64.     As to the allegations in Paragraph 189, admitted that Plaintiffs quote a December 13, 2010 email, otherwise denied.

65.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 190 and 191 and, therefore, deny the allegations.

66.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 192 through 200 and, therefore, deny the allegations.

67.     The allegations in Paragraphs 201 are denied.

68.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 202 through 204 and, therefore, deny the allegations.

69.     The allegations of Paragraph 205 are denied.

70.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 206 through 208 and, therefore, deny the allegations.

71.     The allegations in Paragraph 209 are admitted.

72.     The allegations in Paragraphs 210 through 213 relate to the BlueWave Agreement, which, being a writing, speaks for itself. Otherwise, denied.

73.     The allegations of Paragraph 214 through 219 are denied.

74.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraphs 220 through 223 and, therefore, deny the allegations.

75.     The allegations in Paragraph 224 are denied.

76.     The Bluewave Defendants lack sufficient knowledge of information to form a belief as to the truth of the allegations in Paragraph 225 and, therefore, deny the allegations.

77.     In response to Paragraph 226, the BlueWave Agreement, being a writing, speaks for itself. Plaintiffs characterization of such is denied and to the extent that a response is required, the Bluewave Defendants deny the allegations.

78.     The allegations in Paragraph 227 are denied.

79.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 228 through 231 and, therefore, deny the same.

80.     The allegations in Paragraph 232 are denied.

81.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 233 through 236 and, therefore, deny the same.

82.     The allegations in Paragraph 237 are denied.

83.     In response to Paragraph 238, admitted that Johnson and Dent worked at Berkeley. Otherwise, denied.

84.     In response to Paragraphs 239 and 240, the pleadings in the "Berkeley Lawsuit," being a matter of public record, speak for themselves. Otherwise, denied.

85.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 241 through 244 and, therefore, deny the same.

86.     The allegations of Paragraph 245 are denied.

87.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 246 through 271 and, therefore, deny the same.

88.    The allegations of Paragraph 272 are denied.

89.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 273 through 275 and, therefore, deny the same.

90.    The allegations in Paragraph 276 are denied.

91.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 277 through 294 and, therefore, deny the same.

92.    With regard to Paragraph 295, admitted to the extent that Johnson and Dent were, at some point, in discussions with GeneNews Limited. Otherwise, denied.

93.    With regard to Paragraph 296, admitted that Johnson and Dent were offered the opportunity to purchase GeneNews shares through a private placement. Otherwise, denied.

94.    With regard to Paragraph 297, admitted that Johnson and Dent personally invested in a private placement. As to the remaining allegations, the Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny the same.

95.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 298 through 301 and, therefore, deny the same.

96.    The allegations of Paragraph 302 are admitted.

10

97.    With regard to Paragraph 303, admitted that IDL entered a sales agreement with Cobalt. Otherwise, denied.

98.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 304 through 306 and, therefore, deny the same.

99.    The allegations of Paragraph 307 are admitted.

100.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 308 and, therefore, deny the same.

101.    The allegations of Paragraph 309 are admitted.

102.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 310 and, therefore, deny the same.

103.    The allegations of Paragraph 311 are denied.

104.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 312 through 340 and, therefore, deny the same.

105.    The allegations of Paragraph 341 are denied.

106.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 342 and, therefore, deny the same.

107.    The allegations of Paragraph 343 are denied.

108.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 344 through 358 and, therefore, deny the same.

109.    The allegations of Paragraphs 359 and 360 are denied.

110.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 361 through 382 and, therefore, deny the same.

111.    The allegations of Paragraph 383 are denied.

112.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 384 through 397 and, therefore, deny the same.

113.    In response to the allegations of Paragraph 398, the Complaint-in-Intervention, being a writing, speaks for itself. Otherwise, denied.

114.    The allegations of Paragraph 399 are denied.

115.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 400 through 402 and, therefore, deny the same.

116.    In response to the allegations of Paragraphs 403 through 408, the referenced pleadings, being writings, speak for themselves. Otherwise denied.

117.    The allegations in Paragraph 409 are denied.

118.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 410 through 413 and, therefore, deny the same.

119.    As to the allegations in Paragraph 414, admitted that Debtors filed petitions for Chapter 11 relief. Otherwise denied.

120.    As to the allegations in Paragraphs 415 through 427, the referenced docketed court documents, being writings, speak for themselves. The Bluewave Defendants lack

sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations and, therefore, deny the same.

121.    In response to Paragraph 428, the Bluewave Defendants incorporate their prior responses by reference.

122.    The allegations of Paragraphs 429 through 435 are denied.

123.    In response to Paragraph 436, the Bluewave Defendants incorporate their prior responses by reference.

124.    The allegations of Paragraphs 437 through 445 are denied.

125.    In response to Paragraph 446, the Bluewave Defendants incorporate their prior responses by reference.

126.    As to the allegations of Paragraphs 447 through 455, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise denied.

127.    In response to Paragraph 456, the Bluewave Defendants incorporate their prior responses by reference.

128.    As to the allegations of Paragraphs 457 through 466, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise denied.

129.    In response to Paragraph 467, the Bluewave Defendants incorporate their prior responses by reference.

130.    The allegations of Paragraphs 468 through 476 are denied.

131.    In response to Paragraph 477, the Bluewave Defendants incorporate their prior responses by reference.

13

132.   The allegations of Paragraphs 478 through 483 are denied.

133.   In response to Paragraph 484, the Bluewave Defendants incorporate their prior responses by reference.

134.   The allegations of Paragraphs 485 through 490 are denied.

135.   The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 491 and, therefore, deny the same.

136.   The allegations of Paragraphs 492 and 493 are denied.

137.   In response to Paragraph 494, the Bluewave Defendants incorporate their prior responses by reference.

138.   The allegations of Paragraphs 495 through 501 are denied.

139.   The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 502 and, therefore, deny the same.

140.   The allegations of Paragraphs 503 and 504 are denied.

141.   In response to Paragraph 505, the Bluewave Defendants incorporate their prior responses by reference.

142.   The allegations of Paragraphs 506 through 511 are denied.

143.   The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 512 and, therefore, deny the same.

144.   The allegations of Paragraphs 513 and 514 are denied.

145.   The allegations of Paragraphs 516 through 522 are denied.

146.   The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 523 and, therefore, deny the same.

147.   The allegations of Paragraphs 524 and 525 are denied.

14

148.     In response to Paragraph 526, the Bluewave Defendants incorporate their prior responses by reference.

149.     The allegations of Paragraphs 527 through 533 are denied.

150.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 534 and, therefore, deny the same.

151.     The allegations of Paragraphs 535 and 536 are denied.

152.     In response to Paragraph 537, the Bluewave Defendants incorporate their prior responses by reference.

153.     The allegations of Paragraphs 538 through 545 are denied.

154.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 546 and, therefore, deny the same.

155.     The allegations of Paragraphs 547 and 548 are denied.

156.     In response to Paragraph 549, the Bluewave Defendants incorporate their prior responses by reference.

157.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 550 and, therefore, deny the same.

158.     The allegations of Paragraph 551 are denied.

159.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 552 and, therefore, deny the same.

160.     The allegations of Paragraph 553 are denied.

161.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 554 through 556 and, therefore, deny the same.

162.     In response to Paragraph 557, the Bluewave Defendants incorporate their prior responses by reference.

163.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 558 through 566 and, therefore, deny the same.

164.     In response to Paragraph 567, the Bluewave Defendants incorporate their prior responses by reference.

165.     As to the allegations of Paragraphs 568 and 569, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

166.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 570 and, therefore, deny the same.

167.     The allegations of Paragraph 571 through 573 are denied.

168.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 574 through 576 and, therefore, deny the same.

169.     In response to Paragraph 577, the Bluewave Defendants incorporate their prior responses by reference.

170.     As to the allegations of Paragraphs 578 and 579, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

171.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 580 through 587 and, therefore, deny the same.

172.     In response to Paragraph 588, the Bluewave Defendants incorporate their prior responses by reference.

173.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 589 and 590 and, therefore, deny the same.

174.     The allegations of Paragraph 591 are denied.

175.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 592 and, therefore, deny the same.

176.     The allegations of Paragraph 593 are denied.

177.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 594 through 597 and, therefore, deny the same.

178.     In response to Paragraph 598, the Bluewave Defendants incorporate their prior responses by reference.

179.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 599 through 604 and, therefore, deny the same.

180.     In response to Paragraph 605, the Bluewave Defendants incorporate their prior responses by reference.

181.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 606 and 607 and, therefore, deny the same.

120265217_2

182.    The allegations of Paragraph 608 are denied.

183.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 609 and, therefore, deny the same.

184.    The allegations of Paragraph 610 are denied.

185.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 611 through 615 and, therefore, deny the same.

186.    In response to Paragraph 616, the Bluewave Defendants incorporate their prior responses by reference.

187.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 617 through 626 and, therefore, deny the same.

188.    In response to Paragraph 627, the Bluewave Defendants incorporate their prior responses by reference.

189.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 628 through 634 and, therefore, deny the same.

190.    In response to Paragraph 635, the Bluewave Defendants incorporate their prior responses by reference.

191.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 636 through 645 and, therefore, deny the same.

120265217_2

192. In response to Paragraph 646, the Bluewave Defendants incorporate their prior responses by reference.

193. The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 647 and, therefore, deny the same.

194. The allegations of Paragraph 648 are denied.

195. The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 649 and, therefore, deny the same.

196. The allegations of Paragraph 650 are denied.

197. The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 651 through 653 and, therefore, deny the same.

198. In response to Paragraph 654, the Bluewave Defendants incorporate their prior responses by reference.

199. The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 655 through 663 and, therefore, deny the same.

200. In response to Paragraph 664, the Bluewave Defendants incorporate their prior responses by reference.

201. As to the allegations of Paragraphs 665 and 666, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

202. The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 667 and, therefore, deny the same.

203.    The allegations of Paragraph 668 are denied.

204.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 669 and, therefore, deny the same.

205.    The allegations of Paragraph 670 are denied.

206.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 671 through 673 and, therefore, deny the same.

207.    In response to Paragraph 674, the Bluewave Defendants incorporate their prior responses by reference.

208.    As to the allegations of Paragraphs 675 and 676, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

209.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 677 through 684 and, therefore, deny the same.

210.    In response to Paragraph 685, the Bluewave Defendants incorporate their prior responses by reference.

211.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 686 and 687 and, therefore, deny the same.

212.    The allegations of Paragraph 688 are denied.

213.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 689 and, therefore, deny the same.

214.    The allegations of Paragraph 690 are denied.

120265217_2

215.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 691 through 694 and, therefore, deny the same.

216.     In response to Paragraph 695, the Bluewave Defendants incorporate their prior responses by reference.

217.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 696 through 701 and, therefore, deny the same.

218.     In response to Paragraph 702, the Bluewave Defendants incorporate their prior responses by reference.

219.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 703 through 708 and, therefore, deny the same.

220.     In response to Paragraph 709, the Bluewave Defendants incorporate their prior responses by reference.

221.     As to the allegations of Paragraphs 710 and 711, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

222.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 712 through 719 and, therefore, deny the same.

223.     In response to Paragraph 720, the Bluewave Defendants incorporate their prior responses by reference.

224.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 721 through 726 and, therefore, deny the same.

225.    In response to Paragraph 727, the Bluewave Defendants incorporate their prior responses by reference.

226.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 728 through 737 and, therefore, deny the same.

227.    In response to Paragraph 738, the Bluewave Defendants incorporate their prior responses by reference.

228.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 739 through 749 and, therefore, deny the same.

229.    In response to Paragraph 750, the Bluewave Defendants incorporate their prior responses by reference.

230.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 751 through 756 and, therefore, deny the same.

231.    In response to Paragraph 757, the Bluewave Defendants incorporate their prior responses by reference.

232.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 758 through 766 and, therefore, deny the same.

233.    In response to Paragraph 767, the Bluewave Defendants incorporate their prior responses by reference.

234.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 768 through 773 and, therefore, deny the same.

235.    In response to Paragraph 774, the Bluewave Defendants incorporate their prior responses by reference.

236.    The allegations of Paragraphs 775 through 781 are denied.

237.    In response to Paragraph 782, the Bluewave Defendants incorporate their prior responses by reference.

238.    The allegations of Paragraphs 783 through 791 are denied.

239.    In response to Paragraph 792, the Bluewave Defendants incorporate their prior responses by reference.

240.    As to the allegations of Paragraphs 793 and 794, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

241.    The allegations of Paragraphs 795 through 801 are denied.

242.    In response to Paragraph 802, the Bluewave Defendants incorporate their prior responses by reference.

243.    As to the allegations of Paragraphs 803 and 804, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

244.    The allegations of Paragraphs 805 through 812 are denied.

245.     In response to Paragraph 813, the Bluewave Defendants incorporate their prior responses by reference.

246.     The allegations of Paragraphs 814 through 822 are denied.

247.     In response to Paragraph 823, the Bluewave Defendants incorporate their prior responses by reference.

248.     The allegations of Paragraphs 824 through 829 are denied.

249.     In response to Paragraph 830, the Bluewave Defendants incorporate their prior responses by reference.

250.     The allegations of Paragraphs 831 through 838 are denied.

251.     In response to Paragraph 839, the Bluewave Defendants incorporate their prior responses by reference.

252.     The allegations of Paragraphs 840 through 849 are denied.

253.     In response to Paragraph 850, the Bluewave Defendants incorporate their prior responses by reference.

254.     The allegations of Paragraphs 851 through 858 are denied.

255.     In response to Paragraph 859, the Bluewave Defendants incorporate their prior responses by reference.

256.     The allegations of Paragraphs 860 through 869 are denied

257.     In response to Paragraph 870, the Bluewave Defendants incorporate their prior responses by reference.

258.     As to the allegations of Paragraphs 871 and 872, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

259. The allegations of Paragraphs 873 through 878 are denied.

260. In response to Paragraph 879, the Bluewave Defendants incorporate their prior responses by reference.

261. As to the allegations of Paragraphs 880 and 881, admitted that Bankruptcy Code §544(b) provides for the Trustee to have certain rights. Admitted that Proof of Claim No. 1335, being a writing, speaks for itself. Otherwise, denied.

262. The allegations of Paragraphs 882 through 888 are denied.

263. In response to Paragraph 889, the Bluewave Defendants incorporate their prior responses by reference.

264. The allegations of Paragraphs 890 through 895 are denied

265. In response to Paragraph 896, the Bluewave Defendants incorporate their prior responses by reference.

266. The allegations of Paragraphs 897 through 900 are denied

267. In response to Paragraph 901, the Bluewave Defendants incorporate their prior responses by reference.

268. The allegations of Paragraphs 902 through 908 are denied

269. In response to Paragraph 909, the Bluewave Defendants incorporate their prior responses by reference.

270. The allegations of Paragraphs 910 through 917 are denied

271. In response to Paragraph 918, the Bluewave Defendants incorporate their prior responses by reference.

272.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 919 through 921 and, therefore, deny the same.

273.    The allegations of Paragraphs 922 and 923 are denied.

274.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 924 through 927 and, therefore, deny the same.

275.    The allegations of Paragraph and 928 is denied.

276.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 929 through 931 and, therefore, deny the same.

277.    In response to Paragraph 932, the Bluewave Defendants incorporate their prior responses by reference.

278.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 933 and, therefore, deny the same.

279.    The allegations of Paragraphs 934 through 940 are denied.

280.    In response to Paragraph 941, the Bluewave Defendants incorporate their prior responses by reference.

281.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 942 through 954 and, therefore, deny the same.

282.    In response to Paragraph 955, the Bluewave Defendants incorporate their prior responses by reference.

283.     The allegations of Paragraphs 956 through 977 are denied.

284.     In response to Paragraph 978, the Bluewave Defendants incorporate their prior responses by reference.

285.     The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 979 through 983 and, therefore, deny the same.

286.     No response is required to Paragraphs 984 through 1003.

287.     In response to Paragraph 1004, the Bluewave Defendants incorporate their prior responses by reference.

288.     The allegations of Paragraphs 1005 through 1007 are denied.

289.     In response to Paragraph 1008, the Bluewave Defendants incorporate their prior responses by reference.

290.     The allegations of Paragraphs 1009 through 1015 are denied.

291.     In response to Paragraph 1016, the Bluewave Defendants incorporate their prior responses by reference.

292.     The allegations of Paragraphs 1017 through 1021 are denied.

293.     In response to Paragraph 1022, the Bluewave Defendants incorporate their prior responses by reference.

294.     The allegations of Paragraphs 1023 through 1027 are denied.

295.     In response to Paragraph 1028, the Bluewave Defendants incorporate their prior responses by reference.

296.     The allegations of Paragraphs 1029 through 1035 are denied.

120265217_2

297.    In response to Paragraph 1036, the Bluewave Defendants incorporate their prior responses by reference.

298.    The allegations of Paragraphs 1037 through 1042 are denied.

299.    In response to Paragraph 1043, the Bluewave Defendants incorporate their prior responses by reference.

300.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1044 and, therefore, deny the same.

301.    In response to Paragraph 1045, to the extent that any repeated and realleged allegation contained in the "Amended Aetna Complaint" pertains to the Bluewave Defendants, it is denied. To the extent that any repeated and realleged allegation contained in the "Amended Aetna Complaint" pertains to another party, the Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations and, therefore, deny the same

302.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1046 and, therefore, deny the same.

303.    The allegations of Paragraph 1047 are denied.

304.    In response to Paragraph 1048, the Bluewave Defendants incorporate their prior responses by reference.

305.    The allegations of Paragraphs 1049 through 1053 are denied.

306.    In response to Paragraph 1054, the Bluewave Defendants incorporate their prior responses by reference.

307.    The allegations of Paragraphs 1055 through 1062 are denied.

308.    In response to Paragraph 1063, the Bluewave Defendants incorporate their prior responses by reference.

309.    As to the allegations in Paragraph 1064, the Bluewave Agreement, being a writing, speaks for itself. Otherwise, denied.

310.    The allegations of Paragraph 1065 through 1068 are denied.

311.    In response to Paragraph 1069, the Bluewave Defendants incorporate their prior responses by reference.

312.    As to the allegations in Paragraph 1070, admitted that the proofs of claim submitted in connection with this proceeding are matters of record and are writings, which speak for themselves. Otherwise, denied.

313.    The allegations of Paragraphs 1071 and 1072 are denied.

314.    The Bluewave Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1073 and, therefore, deny the same.

315.    In response to Paragraph 1074, the Bluewave Defendants incorporate their prior responses by reference.

316.    The allegations of Paragraphs 1075 and 1076 are denied.

317.    In response to the "Wherefore" clause following Paragraph 1076, the Bluewave Defendants deny that Plaintiff is entitled to relief from any of the Bluewave Defendants under any theory.

318.    The Bluewave Defendants deny all allegations except those expressly admitted in the preceding paragraphs.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's claims against the Bluewave Defendants are barred by the applicable statutes of limitations and/or the doctrine of laches.

120265217_2

2.      Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of *in pari delicto* and/or unclean hands. HDL, not the Bluewave Defendants, waived co-pays. HDL, not the Bluewave Defendants, paid Processing and Handling fees. HDL was a party to the Bluewave Agreement, and HDL, not the Bluewave Defendants, invoiced and received payments from insurers. More generally, while the Bluewave Defendants unequivocally deny the characterization of the relationship between HDL and the Bluewave Defendants as co-conspirators, Plaintiff's allegations seek to establish them as such. The very nature of conspiracy is that culpability lies not with one conspirator alone, but rather among the conspirators. To cite Plaintiffs Amended Complaint, "[f]rom the outset, the founders of HDL and Bluewave conspired... by breaking laws governing the healthcare industry and by misleading private insurers..." [Amended Complaint, ¶ 4.]

3.      Any alleged transfer to the Bluewave Defendants or alleged obligation incurred by the Debtors under the Bluewave Agreement was intended by the parties to be a contemporaneous exchange for new value given to the Debtors, and was, in fact, a substantially contemporaneous exchange.

4.      Any alleged transfer to the Bluewave Defendants or alleged obligation incurred by the Debtors under the Bluewave Agreement was in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Bluewave Defendants, and, if proven, such transfer or obligation was made in the ordinary course of business or financial affairs of the Debtors and the Bluewave Defendants or made according to ordinary business terms.

5.      The Bluewave Defendants gave new value to or for the benefit of the Debtors for any alleged transfer or obligation not secured by an otherwise unavoidable security interest and

30

on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Bluewave Defendants.

6.      Any alleged transfer to the Bluewave Defendants or alleged obligation incurred by the Debtors under the Bluewave Agreement was taken for value and in good faith and as such the Bluewave Defendants have a lien on or may retain any interest transferred to them or may enforce any obligation incurred by them.

7.      All payments received by Bluewave Defendants were received in good faith, for value and without knowledge of any fraudulent intent by the Debtors or of the voidability of any alleged transfer or obligation.

8.      The Bluewave Defendants gave new value to or for the benefit of the Debtors for any alleged transfer or obligation not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Bluewave Defendants.

9.      To the extent any of the Bluewave Defendants is determined to be an insider, any alleged transfer to the Bluewave Defendants or alleged obligation incurred by the Debtors under the Bluewave Agreement was in exchange for new value to or for the benefit of the Debtors after the alleged transfer or obligation was made.

10.      To the extent any of the Bluewave Defendants is determined to be an insider, any alleged transfer to the Bluewave Defendants or alleged obligation incurred by the Debtors under the Bluewave Agreement was made in the ordinary course of business or financial affairs of the Debtors and the Bluewave Defendants.

11.      To the extent any statement made by any Bluewave Defendant was a privileged statement, the Bluewave Defendants reserve the right to assert the defense of privilege.

12.     All claims brought by the Trustee with respect to payments made to the Bluewave Defendants as a result of health care payer entities' payments of claims which were submitted for payment by HDL, reviewed by such health care payer entit(ies) as to medical necessity, and ultimately paid by such health care payer entit(ies) are barred by the voluntary payment doctrine.   With full knowledge of all the facts that the Trustee and/or the health care payer entities now allege made the Bluewave Defendants' actions illegal, and without an immediate and urgent necessity to make such payments, these health care payer entities nonetheless made payments to HDL.   Thus the Trustee's claims regarding these payments are barred by the voluntary payment doctrine.

13.     The Bluewave Defendants reserve the right to assert additional defenses based upon further investigation and discovery.

## DEMAND FOR TRIAL BY JURY

The Bluewave Defendants demand a jury trial on all issues so triable, do not consent to a jury trial before the Bankruptcy Court, and do not consent to the entry of final orders by the Bankruptcy Court.

WHEREFORE, the Bluewave Defendants request that the Court enter judgment in their favor and decline to grant Plaintiff any of the relief requested.

Respectfully submitted,


Dated: July 18, 2018

*/s/ Jesse N. Silverman*
Jesse N. Silverman (VA I.D. 46456)
Joshua D. Wolson (admitted *pro hac vice*)
Jennifer L. Maleski (admitted *pro hac vice*)
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
*Attorneys for Bluewave Healthcare Consultants, Inc., et al.*

32

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants *BlueWave Healthcare Consultants, Inc.*, *et al.* hereby certifies that on July 18, 2018, a true and correct copy of the foregoing document was filed through the Court's CM/ECF filing system, which served the filing on necessary parties registered to receive notice through the CM/ECF system. If necessary parties were not registered to receive notice through the CM/ECF system, they were served via first class mail.

**Via the CM/ECF filing system:**

| | |
|---|---|
| Charles M. Allen<br>Goodman Allen Donnelly, PLLC<br>4501 Highwoods Parkway, Suite 210<br>Glen Allen, VA 23059<br>callen@goodmanallen.com<br><br>*Counsel for Karl F. Warnick and Kristan Warnick, in their capacity as Trustees of The Warnick Family 2012 Irrevocable Trust, The Warnick Family LLC and Warnick Management, LLC* | Timothy C. Bass<br>Thomas J. McKee, Jr.<br>Greenberg Traurig, LLP<br>1750 Tysons Boulevard, Suite 1000<br>McLean, VA 22102<br>basst@gtlaw.com<br>mckeet@gtlaw.com<br><br>*Counsel for Defendant Dennis M. Ryan* |
| Dennis T. Lewandowski<br>Clark J. Belote<br>Kaufman & Canoles, P.C.<br>150 W. Main Street, Suite 2100<br>Norfolk, VA 23510<br>dtlewand@kaufcan.com<br>cjbelote@kaufcan.com<br><br>*Counsel for Defendants JP Cornwell Inc. and Jeffrey Cornwell* | Matthew D. Foster<br>Pepper Hamilton LLP<br>600 Fourteenth St. N.W.<br>Washington, DC 20005<br>Fosterm@pepperlaw.com<br><br>*Counsel for Defendants Galen Associates, Inc., Helena Laboratories Corporation, The Wyndell L Golias Voting Trust, David Mayes, Donald Golias, Eric Petersen, John Tessler, Joseph Golias, Karla Falgout, Noel Bartlett, Pamela Oates, Robert S. Galen, Tipton Golias* |
| S. Miles Dumville<br>Justin Michael Sizemore<br>Reed Smith LLP<br>901 E. Byrd Street, 17th Floor<br>Richmond, VA 23219<br>mdumville@reedsmith.com<br>jsizemore@reedsmith.com<br><br>*Counsel for Defendants Michael H. Samadani , Thomas Carnaggio , Charles Maimone , Jason Dupin, Julie Harding, Courtney Love, David Pember, Erika Guest, Heather Lockhart, Jennifer Speer, Jerry Carroll, John Coffman, Kevin Carrier, Kristin Dukes, Kyle Martel, Leah Bouton, Seneca* | Michael E. Hastings<br>Brandy M. Rapp<br>114 S. Market Street, Suite 210<br>Roanoke, Virginia 24011<br>mhastings@wtplaw.com<br>brapp@wtplaw.com<br><br>*Counsel for LaTonya S. Mallory and  Scott Mallory* |

Consulting Corp., DX Sales, LLC, DDonne Consulting
& Management LLC, El Medical Consulting Inc.,
Infinity Medical Consulting LLC, JBH Marketing,
Inc., MRT Health Consultants Inc. , Meade
Medical Group, LLC, Nibar Health Consultants,
Inc., Quasi Maturi LLC, Remember Pember Inc.,
Southeast Healthcare Consultants LLC, WCBLUE
Lab LLC, Med-Con-EC LLC, RBLIV Consulting,
Inc., Southhill Consulting Group, Inc., Robert
Lively, Robert Younger, EELLS Consulting Inc.,
Medcentric LLC, Nicole Tice,  Patrick Colberg,
Leigha Greenwood, Leigha Stream, Nicole Finn,
Richard Yunger

| | |
|---|---|
| Dion K. Hayes<br>Ryan D. Frei<br>K. Elizabeth Seig<br>McGuireWoods<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219<br>dhayes@mcguirewoods.com<br>rfrei@mcguirewoods.com<br>bsieg@mcguirewoods.com<br><br>*Counsel to Defendant G. Russell Warnick* | Matthew D. Huebschman<br>Shenandoah Legal Group, PC<br>3807 Brandon Avenue, Suite 2425<br>Roanoke, VA 24018<br>Mhuebsch@shenlegal.com<br><br>*Counsel for MML Equipment Inc.* |
| Richard S. Kanowitz<br>COOLEY LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>rkanowitz@cooley.com<br><br>Douglas P. Lobel<br>COOLEY LLP<br>11951 Freedom Drive<br>Reston, VA 20190-5656<br>dlobel@cooley.com<br><br>Cullen D. Speckhart<br>WOLCOTT RIVERS GATES<br>200 Bendix Road, Suite 300<br>Virginia Beach, VA 23452<br>cspeckhart@wolriv.com<br><br>*Counsel to Plaintiff Richard Arrowsmith,*<br>*Liquidating Trustee of the HDL Liquidating Trust* | Jeffery T. Martin, Jr., Esq.<br>Henry & O'Donnell, P.C.<br>300 N. Washington St., Suite 204<br>Alexandria, Virginia 22314<br>jtm@henrylaw.com<br><br>*Counsel for Janet Curtin, Trustee LaTonya*<br>*Mallory 2012 Irrevocable Trust* |
| Daniel T. Moss<br>Kevyn D. Orr<br>Kerri L. Ruttenberg<br>Tara Lynn R. Zurawski<br>JONES DAY<br>51 Louisiana Avenue N.W.<br>Washington, DC 20001-2113<br>dtmoss@jonesday.com | Ronald A. Page, Jr.<br>Ronald Page, PLC<br>P.O. Box 73524<br>Richmond, VA 23235<br>rpage@rpagelaw.com<br><br>Roland Gary Jones<br>Jones & Associates |

kruttenberg@jonesday.com
tzurawski@jonesday.com

*Counsel for Defendants Tipton Golias, Robert S. Galen, Noel Bartlett, Galen Associates, Inc., Helena Laboratories Corporation, Joseph Golias, Donald Golias, Karla Falgout, The Wyndell L. Golias Voting Trust, Eric Petersen, David Mayes, John Tessler and Pamela Oates*

rgj@rolandjones.com

*Counsel for M. Looney Consulting Inc.*

| | |
|---|---|
| Rosa J. Evergreen<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001<br>rosa_evergreen@aporter.com<br><br>*Counsel for National Union Fire Insurance Company of Pittsburg, PA* | |

**Via First Class U.S. Mail, postage prepaid**

| | |
|---|---|
| Beyond Medicine LLC<br>333 W 46th Ter Apt 523<br>Kansas City, MO 64112-1544<br><br>Beyond Medicine LLC<br>600 W Main<br>Jefferson City, MO 65101 | Advanced Medical Consulting<br>Bruce Kent Short<br>9700 N Virginia Ave<br>Kansas City, MO 64155-2198 |
| Labyrinth LLC<br>53 Belfast Rd<br>Lutherville Timonium, MD 21093-4206 | Lockhardt Consulting Inc.<br>322 Empress Ln<br>League City, TX 77573-1928 |
| Metta Consulting Inc.<br>Davinder Hayre Khunkhun<br>2866 Fox Den Circle<br>Lincoln, CA 94568<br><br>Metta Consulting Inc.<br>1865 Ellesmere Loop<br>Roseville, CA 95747-5084 | Lee Roberts<br>5806 Highcroft Dr<br>Cary, NC 27519-5215<br><br>Lee Roberts<br>306 Lynden Valley Ct<br>Cary, NC 27519 |
| Paramount Medical Consultants Inc.<br>Jeffrey Steadman<br>5363 S Cliffside Cir<br>Idaho Falls, ID 83406-8361 | Bio-Matrix Healthcare Consultants LLC<br>Corporation Service Company<br>1703 Laurel St.<br>Columbia, SC 29201 |
| Southern Coast Consultants LLC<br>306 Lynden Valley Ct<br>Cary, NC 27519 | Coffman Enterprises Inc.<br>109 Brown Ave<br>Tusola, TX 79562-2235 |

| | |
|---|---|
| Southern Coast Consultants LLC<br>Lee Roberts<br>5806 Highcroft Dr<br>Cary, NC 27519-5215 | Coffman Enterprises LLC<br>Weldon L. Coffman<br>210 Brown Ave<br>Tuscola, TX 79562-2236 |
| Ocean Diagnostics Consulting LLC<br>Emily Barron<br>2660 Greenway Drive<br>Jupiter, FL 33458 | |

*/s/ Jesse N. Silverman*
Jesse N. Silverman